FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  SEP 11 2013  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

ISA MARTIN,

                          Plaintiff,

              -against-

CITY OF NEW YORK, *et al.*,

                        Defendants.

-------------------------------------------------------------x

**MEMORANDUM AND ORDER**

11-CV-4507 (SLT) (JO)

**TOWNES, United States District Judge:**

       Plaintiff Isa Martin, who suffered a broken ankle while fleeing from New York City Police Officers who were attempting to arrest him, brings this action pursuant 42 U.S.C. §§1981, 1983 and 1988, alleging seven federal causes of action and eight state-law claims. In a pre-motion conference request dated June 11, 2013, defendants seek permission to move for summary judgment with respect to two of the federal causes of action and four of the state-law claims, including a common-law negligence claim. However, as discussed below, plaintiff has agreed to dismiss five of the six causes of action addressed in defendants' pre-motion conference request and persuasively argues that defendants' argument with respect to the negligence claim is without merit. Since there appears to be no meritorious basis for moving for summary judgment, defendants' request for permission to file a motion is denied.

## *BACKGROUND*

       Plaintiff seeks to recover compensatory and punitive damages in connection with a June 20, 2010, incident in which he suffered a broken ankle while fleeing from defendant Antonia Giordano and other New York City police officers who were attempting to arrest him. In the course of the police chase, plaintiff, closely pursued by a patrol car, jumped over a gate located in

the driveway of a private home. The patrol car struck the gate moments later and either the car or the gate struck plaintiff's ankle, fracturing it. Despite the severity of the injury, plaintiff was brought to the 120th Precinct prior to being taken to the hospital, where he underwent emergency surgery.

In September 2012, plaintiff commenced this action against the City of New York, Officer Giordano, and 10 Doe Defendants, all of whom were alleged to be police officers. The first of the seven federal causes of action in the original complaint asserted a violation of 42 U.S.C. §§ 1981 and 1983, alleging that the individual defendants acted with intent to discriminate on the basis of race. The remaining six federal causes of action were brought solely pursuant to 42 U.S.C. §1983 and alleged excessive force, deliberate indifference to serious medical needs, violation of the Equal Protection Clause, failure to intervene to prevent the unlawful conduct charged in the first four causes of action, failure to properly train or supervise subordinates, and municipal liability. In addition, the original complaint alleged eight state law claims: assault; battery; intentional infliction of emotional distress; negligent screening, hiring and retention; negligent training and supervision; negligence; *respondeat superior*; and an equal protection claim under Article 1, section 11, of the New York State Constitution.

Plaintiff's complaint was subsequently amended to add four additional defendants: Philip Vaccarino, Daniel Keating, Michael Alfieri and Bruce Ceparano. All of these defendants, like defendant Giordano, are alleged to be police officers involved in the apprehension of plaintiff. The amended complaint alleges the same 15 causes of action alleged in the original complaint.

2

***Defendants' Pre-Motion Conference Request***

On June 11, 2013, defendants requested a pre-motion conference in anticipation of moving for summary judgment. That pre-motion conference request relates to only two of the seven federal causes of action and four of the eight state-law causes of action. With respect to the federal claims, defendants allege that plaintiff cannot establish the "reckless indifference" necessary to prove the deliberate indifference to serious medical needs alleged in the third cause of action and cannot demonstrate municipal liability under the seventh cause of action. With respect to the state-law claims, defendants allege that plaintiff's claims for negligent screening, hiring and retention and negligent training and supervision (the eleventh and twelfth causes of action) are subsumed in the fourteenth cause of action, alleging *respondeat superior.* In addition, defendants argue that plaintiff's claim for intentional infliction of emotional distress (the tenth cause of action) is subsumed in the claims alleging excessive force and negligence, and that the negligence claim set forth in the thirteenth cause of action must be dismissed because "[t]here is no evidence to support the conclusion that officers 'intentionally [did] an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow, and did so with conscious indifference to the outcome.'" Letter to Hon. Sandra L. Townes from ACC Andrew Lucas dated June 11, 2013, at 3 (quoting *Saarinen v. Kerr*, 84 NY2d 494, 501 (N.Y. 1994)).

In his response to the pre-motion conference request, plaintiff's counsel states that "Plaintiff opposes defendants' motion as to plaintiff's negligence claim only." Letter to Hon. Sandra L. Townes from Brett Klein, Esq., dated July 12, 2013, at 2. Then, citing to *Kabir v. County of Monroe*, 16 N.Y.3d 217, 220 (N.Y. 2011), plaintiff's counsel argues that the "reckless

3

disregard standard" enunciated in *Saarinen*, *supra*, is inapplicable unless the patrol car which struck plaintiff and/or the gate was engaged "in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b)" at the time of the accident. *Id.* at 3. Plaintiff's counsel contends that the patrol car was not engaged in such conduct but was merely turning into a driveway at the time of plaintiff's injury, and that defendants' reliance on *Saarinen* is, therefore, misplaced.

At oral argument on August 22, 2013, plaintiff's counsel clarified that plaintiff not only did not oppose defendant's motion with respect to five of the six causes of action addressed in defendants' pre-motion conference request, but was willing to dismiss those five counts without motion practice. Nonetheless, because of confusion regarding precisely which causes of action were being dismissed, this Court did not formally dismiss those causes of action at oral argument. Rather, since defendants' counsel implied that he might seek permission to move for summary judgment as to two additional causes of action, this Court proposed that plaintiff submit a writing listing the causes of action to be dismissed. This Court did not set a deadline for submitting that list or for submitting a supplemental pre-motion conference request. This Court has yet to receive any additional submissions.

### DISCUSSION

In the absence of any post-conference submissions, this Court assumes that defendants are not interested in moving for summary judgment with respect to any causes of action other than the six referenced in defendants' pre-motion conference request. In addition, this Court assumes that plaintiff remains willing to dismiss all of the causes of action addressed in defendants' pre-motion conference request except the thirteenth cause of action, alleging

4

common-law negligence.  To the extent that this Court's assumptions are incorrect, the parties

may move for reconsideration within 14 days of the date of this Memorandum and Order.

With respect to defendants' proposed argument relating to the negligence claim set forth

in the thirteenth cause of action, this Court has carefully reviewed the applicable case law and

concurs with plaintiff's arguments.  The New York Court of Appeals has made clear that "the

reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) only applies when a

driver of an authorized emergency vehicle involved in an emergency operation engages in the

specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b)."

*Kabir*, 16 N.Y.3d at 220.  "Any other injury-causing conduct of such a driver is governed by the

principles of ordinary negligence." *Id.*  Since there does not appear to be any evidence that the

driver of the patrol car in this case was engaged in conduct authorized by Vehicle and Traffic

Law §1104(b) at the time of the incident, defendants' arguments (1) that the driver's actions

should be evaluated under the "reasonable disregard" standard set forth in *Saarinen*, rather than

under a negligence standard, and (2) that the thirteenth cause of action should be dismissed

because plaintiff cannot meet the heightened "reckless disregard" standard of care appear to lack

merit.

### *CONCLUSION*

For the reasons set forth above, this Court deems the following five causes of action to

have been voluntarily dismissed: the third cause of action, alleging deliberate indifference to

serious medical needs; the seventh cause of action, alleging municipal liability; the tenth cause of

action, alleging intentional infliction of emotional distress; the eleventh cause of action, alleging

negligent screening, hiring and retention; and the twelfth cause of action, alleging negligent

training and supervision. Since defendants' proposed arguments relating to the negligence claims set forth in the thirteenth cause of action appear to be without merit, and since defendants have not filed a supplemental pre-motion conference request, there appears to be no meritorious basis for moving for summary judgment and defendants' request for permission to file a motion is, therefore, denied. Unless one or both of the parties move for reconsideration within 14 days of the date of this Memorandum and Order, the parties shall write to this Court within 30 days of the date of this Memorandum and Order to jointly request that the Court set a date for a pre-trial scheduling conference in accordance with Section IV of this Court's Individual Motion Practices and Rules. *See* https://www.nyed.uscourts.gov/pub/rules/SLT- MLR.pdf.

     **SO ORDERED**.

                         /s/(SLT)

                    SANDRA L. TOWNES
                    United States District Judge

Dated: September 9, 2013
       Brooklyn, New York