# LEVENTHAL & KLEIN, LLP
ATTORNEYS AT LAW
45 MAIN STREET, SUITE 230
BROOKLYN, NY 11201

T (718) 722-4100
F (718) 522-3225

October 17, 2013

**BY ECF**

The Honorable Sandra L. Townes
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Isa Martin v. City of New York, et al.*, 11 CV 4507 (SLT) (JO)

Dear Judge Townes:

    I represent the plaintiff in the above-referenced civil rights action. I write on behalf of the parties in response to the Court's Memorandum and Order entered on September 11, 2013 (DE 34), to confirm the remaining claims to be tried, as well as to address a claim that plaintiff is not willing to voluntarily dismiss, and for which defendants seek a pre-motion conference.

**Voluntary Dismissal**

    Plaintiff voluntarily dismisses the following causes of action:

- First (Deprivation of Rights)
- Fourth (Equal Protection)
- Sixth (Supervisory Liability)
- Seventh (Municipal Liability)
- Tenth (Intentional Infliction of Emotional Distress)
- Eleventh (Negligent Screening, Hiring and Retention)
- Twelfth (Negligent Training and Supervision)
- Fifteenth (New York State Constitution Article 1, Section 11)

**Deliberate Indifference to Serious Medical Needs (Third Cause of Action)**

Defendants' Position:

    Defendants moved for a pre-motion conference on this claim in their June 11, 2013, filing. See docket entry 26, p. 2. The City renews its request for a pre-motion conference for the reasons set forth therein.

Plaintiff's Position:

To establish a deliberate indifference to serious medical needs claim, plaintiff must demonstrate that there is a "genuine issue of material fact as to (a) an objective component – that the plaintiff sustained a "sufficiently serious" injury, and (b) a subjective component - that the defendant possessed a "sufficiently culpable state of mind." *Elliot v. County of Monroe*, 115 Fed.Appx. 497, 498-499 (2d Cir. 2004).

Here, plaintiff suffered a sufficiently serious injury to meet the objective component of deliberate indifference to serious medical needs, to wit: a broken ankle via being struck with an NYPD vehicle. Further, plaintiff submits that the evidence, when viewed in the light most favorable to him, demonstrates that the defendants were subjectively aware of his serious injuries, and thus acted with a sufficiently culpable state of mind. In particular, instead of insuring his comfort and well-being pending the arrival of an ambulance, they instead beat him after he collapsed on the ground due to being struck by their vehicle, both before and after he was handcuffed, and dragged him to a police car, even though they knew he couldn't walk. They thereafter imprisoned him, while handcuffed and in extreme pain, in a police car, only to take him to the NYPD 120th precinct, rather than promptly procuring emergency medical treatment at the earliest opportunity. Plaintiff in fact required emergency surgery upon his admission to the hospital. As a result of the foregoing, plaintiff was caused to endure extreme pain above and beyond the level of pain he would have endured had the defendants not beat and dragged, and then imprisoned him in a police car, all of which delayed his emergent medical treatment.

The defendants argue in their pre-motion conference letter that because an ambulance was called "almost immediately after his apprehension which arrived closely thereafter," that plaintiff has failed to meet the reckless indifference standard. Notwithstanding that plaintiff disputes the defendants' characterization of the timeliness of the medical treatment, the deliberate indifference in this case arises not merely from the delay in treatment, but from the defendants' abuse of Mr. Martin despite their awareness of his serious medical needs. *See Elliott*, 115 Fed.Appx. 497 (finding genuine issue of material fact as to the extent and obviousness of arrestee's knee injury, and whether she was compelled to walk after her injury, even the though fifteen minute delay in treating her injury did not rise to the level of deliberate indifference). *See also Paulin v. Figlia*, 916 F.Supp.2d 524, 534 (S.D.N.Y. 2013)(finding deliberate indifference standard met where police officer responded to an injured prisoner's request for medical treatment by swearing at him and then punching him in the face).

For the foregoing reasons, plaintiff respectfully requests that defendants' request for a pre-motion conference in this regard be denied. Assuming, *arguendo,* that the Court were inclined to consider the request, because the evidence in support of this claim mirrors testimony to be offered in support of plaintiff's other claims that are going to the jury, we submit that the defendants' request should be denied at this time, without prejudice to defendants' right to move at the Rule 50 stage, and the matter set down for trial.

2

Thank you for your consideration.

Respectfully submitted,

Brett H. Klein

cc: Andrew Lucas, Esq.