UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

ISA MARTIN,

                              Plaintiff,

      -against-

CITY OF NEW YORK, ANTONIA GIORDANO, Individually,
PHILIP VACCARINO, Individually, DANIEL KEATING,
Individually, MICHAEL ALFIERI, Individually, and
BRUCE CEPARANO, Individually,

                              Defendants.

---------------------------------------------------------------------X

**SECOND AMENDED COMPLAINT**

11 CV 4507
(SLT) (JO)

<u>Jury Trial Demanded</u>

Plaintiff ISA MARTIN, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### **Preliminary Statement**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

### **JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff asserts supplemental state law claims pursuant to common law and the New York State Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. At the time of the events giving rise to this complaint, plaintiff ISA MARTIN was a twenty-seven year old African American man residing in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, ANTONIA GIORDANO, PHILIP VACCARINO, DANIEL KEATING, MICHAEL ALFIERI, and BRUCE CEPARANO were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

2

York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On or about June 20, 2010, at approximately 10:00 p.m., plaintiff ISA MARTIN was present in front of 251 Broadway, Staten Island, New York.

13. At that aforementioned date, time, and location, the defendant NYPD officers, ANTONIA GIORDANO and PHILIP VACCARINO, approached MARTIN.

14. Defendants GIORDANO and VACCARINO asked MARTIN for his name, and thereafter stated that MARTIN had an open warrant for his arrest.

15. MARTIN informed GIORDANO and VACCARINO that he did not have an open warrant.

16. Thereafter, GIORDANO and VACCARINO grabbed MARTIN'S arm and struck him with a baton on his legs, knees and elbow.

17. In fear, and in an effort to avoid further injury from the unprovoked and unjustified assault perpetrated upon him, MARTIN fled from GIORDANO and VACCARINO.

18. GIORDANO and VACCARINO pursued plaintiff in their NYPD vehicle.

19. Defendant NYPD officer MICHAEL ALFIERI also pursued MARTIN in another NYPD vehicle.

20. ALFIERI drove an NYPD vehicle into MARTIN, striking him with said vehicle in front of 109 Campbell Street, Staten Island, New York, and causing MARTIN to sustain serious physical injuries.

21. After MARTIN was struck with the vehicle, defendants VACCARINO, GIORDANO, ALFIERI, and DANIEL KEATING assaulted and battered MARTIN by repeatedly kicking and punching him on his head and body.

22. VACCARINO, GIORDANO, ALFIERI, and KEATING continued to strike MARTIN after he was restrained with handcuffs.

23. After MARTIN was handcuffed, he repeatedly informed the defendant officers that he felt his ankle was broken and requested medical attention.

24. Notwithstanding MARTIN'S request for medical attention, his inability to stand, and his visible physical injuries, the defendant officers did not summons medical attention to the scene of plaintiff's arrest; instead, VACCARINO and, upon information and belief, CEPARANO dragged MARTIN along the ground, and put him into a police vehicle.

25. CEPARANO then transported MARTIN to the NYPD's 120th precinct stationhouse.

26. Thereafter, MARTIN was transported by ambulance to Richmond University Medical Center (hereinafter "RUMC").

27. While at RUMC, MARTIN received emergency treatment, and on June 21, 2010, MARTIN underwent surgery to repair the severe injury to his ankle.

28. Defendant CEPARANO either participated in the above described assault of MARTIN by dragging MARTIN along the ground after he was injured, or failed to intervene when VACCARINO dragged MARTIN along the ground.

29. As a result of the foregoing, plaintiff ISA MARTIN sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

30. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

33. As a result of the foregoing, plaintiff ISA MARTIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983
as to defendants VACCARINO and GIORDANO)

34. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. The level of force employed by defendants VACCARINO and GIORDANO during their initial encounter with plaintiff, as described in paragraph sixteen *supra*, was excessive, objectively unreasonable and otherwise in violation of plaintiff ISA MARTIN'S constitutional rights.

36. As a result of the aforementioned conduct of defendants VACCARINO and GIORDANO, plaintiff ISA MARTIN was subjected to excessive force and sustained physical

and emotional injuries.

37.     As a result of the foregoing, plaintiff ISA MARTIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983
as to defendant ALFIERI)

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "37" with the same force and effect as if fully set forth herein.

39.     The level of force employed by defendant ALFIERI when he drove an NYPD vehicle into plaintiff, as described in paragraph twenty *supra*, was excessive, objectively unreasonable and otherwise in violation of plaintiff ISA MARTIN'S constitutional rights.

40.     As a result of the aforementioned conduct of defendant ALFIERI, plaintiff ISA MARTIN was subjected to excessive force and sustained physical and emotional injuries.

41.     As a result of the foregoing, plaintiff ISA MARTIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983
as to defendants VACCARINO, GIORDANO, ALFIERI, AND KEATING)

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "41" with the same force and effect as if fully set forth herein.

43.     The level of force employed by defendants VACCARINO, GIORDANO,

ALFIERI, and KEATING when they assaulted and battered plaintiff by punching and kicking MARTIN after he was struck by the NYPD vehicle, as described in paragraphs twenty-one and twenty-two *supra*, was excessive, objectively unreasonable and otherwise in violation of plaintiff ISA MARTIN'S constitutional rights.

44. As a result of the aforementioned conduct of defendants VACCARINO, GIORDANO, ALFIERI, and KEATING, plaintiff ISA MARTIN was subjected to excessive force and sustained physical injuries.

45. As a result of the foregoing, plaintiff ISA MARTIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983
as to defendants VACCARINO and CEPARANO)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "45" with the same force and effect as if fully set forth herein.

47. The level of force employed by defendants VACCARINO and CEPARANO when they dragged plaintiff along the ground, when plaintiff was visibly injured, unable to stand, handcuffed, and had requested medical attention, as described in paragraph twenty-four *supra*, was excessive, objectively unreasonable and otherwise in violation of plaintiff ISA MARTIN'S constitutional rights.

48. As a result of the aforementioned conduct of defendants VACCARINO and CEPARANO, plaintiff ISA MARTIN was subjected to excessive force and sustained physical injuries.

49.  As a result of the foregoing, plaintiff ISA MARTIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983 as to defendants VACCARINO and CEPARANO)

50.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "49" with the same force and effect as if fully set forth herein.

51.  Defendants VACCARINO and CEPARANO, while acting under color of state law, engaged in conduct that was deliberately indifferent to plaintiff's serious medical needs by disregarding an excessive risk to the plaintiff's health or safety, which is forbidden by the Constitution of the United States when the defendants failed to request medical attention for plaintiff at the scene of plaintiff's arrest, and instead dragged plaintiff along the ground, and transported plaintiff to the police precinct when plaintiff was visibly injured, unable to stand, handcuffed, and had requested medical attention, as described in paragraph twenty-four *supra*.

52.  As a result of the foregoing, plaintiff ISA MARTIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 as to defendant CEPARANO)

53.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. In the alternative, defendant CEPARANO had an affirmative duty to intervene on behalf of plaintiff ISA MARTIN, whose constitutional rights were being violated in his presence by defendant VACCARINO.

55. Defendant CEPARANO failed to intervene to prevent the unlawful conduct of defendant VACCARINO when VACCARINO dragged plaintiff along the ground, when plaintiff was visibly injured, unable to stand, handcuffed, and had requested medical attention, as described in paragraph twenty-four *supra*.

56. As a result of the foregoing, plaintiff ISA MARTIN was subjected to excessive force, deliberate indifference to his serious medical needs, and was put in fear of his safety.

57. As a result of the foregoing, plaintiff ISA MARTIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### Supplemental State Law Claims

58. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. The Supreme Court of the State of New York, Richmond County, under Docket No. 080246/11, granted plaintiff leave to file a Notice of Claim upon the CITY OF NEW YORK, and plaintiff duly served upon, presented to and filed a Notice of Claim with the CITY OF NEW YORK, as ordered by the Supreme Court of the State of New York, setting forth all facts and information required under General Municipal Law 50-e.

60. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

61. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN SEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York
as to defendants VACCARINO, GIORDANO, and CITY OF NEW YORK)

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. As a result of the foregoing, plaintiff ISA MARTIN was placed in apprehension of imminent harmful and offensive bodily contact.

64. As a result of defendant VACCARINO and GIORDANO'S conduct during their initial encounter with plaintiff, as described in paragraph sixteen *supra*, plaintiff ISA MARTIN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

65. As a result of the foregoing, plaintiff ISA MARTIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Assault under the laws of the State of New York
as to defendant ALFIERI and CITY OF NEW YORK)

66. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. As a result of the foregoing, plaintiff ISA MARTIN was placed in apprehension of imminent harmful and offensive bodily contact.

68. As a result of defendant ALFIERI's conduct when he drove an NYPD vehicle

into plaintiff, as described in paragraph twenty *supra*, plaintiff ISA MARTIN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

69.   As a result of the foregoing, plaintiff ISA MARTIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York
as to defendants VACCARINO, GIORDANO, ALFIERI, KEATING,
and CITY OF NEW YORK)

70.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.   As a result of defendants VACCARINO, GIORDANO, ALFIERI, and KEATING's conduct when they assaulted plaintiff by punching and kicking him after he was struck with by the police vehicle, as described in paragraphs twenty-one and twenty-two *supra*, plaintiff ISA MARTIN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

72.   As a result of the foregoing, plaintiff ISA MARTIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(<u>Assault under the laws of the State of New York</u>
as to defendants VACCARINO, CEPARANO, and CITY OF NEW YORK)

73.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     As a result of defendants VACCARINO and CEPARANO'S conduct when they dragged plaintiff along the ground, when plaintiff was visibly injured, unable to stand, handcuffed, and had requested medical attention, as described in paragraph twenty-four *supra*, plaintiff ISA MARTIN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

75.     As a result of the foregoing, plaintiff ISA MARTIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(<u>Battery under the laws of the State of New York</u>
as to defendants VACCARINO, GIORDANO, and CITY OF NEW YORK)

76.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Defendants VACCARINO AND GIORDANO made offensive contact with plaintiff without privilege or consent.

78.     As a result of defendants VACCARINO AND GIORDANO'S conduct during their initial encounter with plaintiff, as described in paragraph sixteen *supra*, plaintiff ISA MARTIN has suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

79. As a result of the foregoing, plaintiff ISA MARTIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Battery under the laws of the State of New York
as to defendant ALFIERI and CITY OF NEW YORK)

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Defendant ALFIERI made offensive contact with plaintiff without privilege or consent.

82. As a result of defendant ALFIERI'S conduct when he drove an NYPD vehicle into plaintiff, as described in paragraph twenty *supra*, plaintiff ISA MARTIN has suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

83. As a result of the foregoing, plaintiff ISA MARTIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Battery under the laws of the State of New York
as to defendants VACCARINO, GIORDANO, ALFIERI, KEATING,
and CITY OF NEW YORK)

84. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Defendants VACCARINO, GIORDANO, ALFIERI, and KEATING made offensive contact with plaintiff without privilege or consent.

86. As a result of defendants VACCARINO, GIORDANO, ALFIERI, and KEATING's conduct when they assaulted plaintiff by punching and kicking plaintiff after he was struck with the NYPD vehicle, as described in paragraphs twenty-one and twenty-two *supra*, plaintiff ISA MARTIN has suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

87. As a result of the foregoing, plaintiff ISA MARTIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(<u>Battery under the laws of the State of New York as to defendants VACCARINO, CEPARANO, and CITY OF NEW YORK</u>)

88. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Defendants VACCARINO and CEPARANO made offensive contact with plaintiff without privilege or consent.

90. As a result of defendants VACCARINO and CEPARANO'S conduct when they dragged plaintiff along the ground, when plaintiff was visibly injured, unable to stand, handcuffed, and had requested medical attention, as described in paragraph twenty-four *supra*, plaintiff ISA MARTIN has suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

91. As a result of the foregoing, plaintiff ISA MARTIN is entitled to compensatory

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York
as to defendant ALFIERI and CITY OF NEW YORK)

92. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant ALFIERI, who was on duty and acting in the scope of his employment when he drove an NYPD vehicle into plaintiff ISA MARTIN, as described in paragraph twenty *supra*.

94. As a result of the foregoing, plaintiff ISA MARTIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York
as to defendant CITY OF NEW YORK)

95. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

97. As a result of the foregoing, plaintiff ISA MARTIN is entitled to compensatory

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ISA MARTIN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
May 15, 2015

>LEVENTHAL & KLEIN, LLP
>45 Main Street, Suite 230
>Brooklyn, New York 11201
>(718) 722-4100
>
>By: _____
>JASON LEVENTHAL (JL1067)
>
>Attorneys for Plaintiff ISA MARTIN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

ISA MARTIN,

                                        Plaintiff,

                                    11 CV 4507

      -against-                       (SLT) (JO)

CITY OF NEW YORK, ANTONIA GIORDANO, Individually,
PHILLIP VACCARINO, Individually, DANIEL KEATING,
Individually, MICHAEL ALFIERI, Individually,
BRUCE CEPARANO, Individually,

                                    Defendants.

-------------------------------------------------------------------------------X

## SECOND AMENDED COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100