UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ISA MARTIN,

                          Plaintiff,

        -against-

CITY OF NEW YORK,
ANTONIA GIORDANO, Individually,
PHILIP VACCARINO, Individually,
DANIEL KEATING, Individually,
MICHAEL ALFIERI, Individually, and
BRUCE CEPARANO, Individually,

                       Defendants.

----------------------------------------------------------X

11 CV 4507 (ARR) (JO)

# ATTORNEY JASON LEVENTHAL'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS

Jason Leventhal, Esq.
Leventhal Law Group, P.C.
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ISA MARTIN,

                        Plaintiff,

      -against-

                                                  11 CV 4507 (ARR) (JO)

CITY OF NEW YORK,
ANTONIA GIORDANO, Individually,
PHILIP VACCARINO, Individually,
DANIEL KEATING, Individually,
MICHAEL ALFIERI, Individually, and
BRUCE CEPARANO, Individually,

                        Defendants.

----------------------------------------------------------X

**PRELIMINARY STATEMENT**

      Attorney Jason Leventhal respectfully submits this memorandum of law in opposition to defendants' motion for sanctions against Mr. Leventhal. For the reasons set forth below, the evidence does not support the imposition of sanctions against Mr. Leventhal.

**PROCEDURAL HISTORY and RELEVANT BACKGROUND**

      It is assumed that the Court is familiar with the allegations, causes of actions, pleadings, submissions and proceedings.

# POINT I

## THE EVIDENCE DOES NOT SUPPORT THE IMPOSITION OF SANCTIONS AGAINST PLAINTIFF'S ATTORNEY JASON LEVENTHAL

Defendants have moved for sanctions, including costs and attorneys' fees, jointly against plaintiff Isa Martin and his attorney Jason Leventhal pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927 and Federal Rules of Civil Procedure 11(c)(3), 16(f), and 54(d)(2).

As a threshold matter, defendants state that they are "unable to fully assert the serious allegation of bad faith against Mr. Leventhal as opposed to an improper purpose such as delay," because the "record is unclear as to 1) whether plaintiff's claim was brought in bad faith from the outset of the case; and 2) how and when the misinformation about the death of Mr. Nonnenmacher's mother was conveyed to the defendants and the Court." ECF Doc. 120 (Def. Memo, p. 13). As such, the defendants admit that they cannot set forth sufficient facts to support the imposition of sanctions against Mr. Leventhal.

Notwithstanding defendants' lack of evidence, defendants appear to set forth two factual arguments in support of attorney's fees and sanctions against Mr. Leventhal in Point II of the Defendant's Memorandum. First, defendants argue that two days before the final trial date, Mr. Leventhal withdrew plaintiff's case, and "it is difficult to reconcile the discovery of such new and crucial information with the amount of time and preparation put into this case over many years and multiple trial dates." ECF Doc. 120 (Def. Memo. p.14).

Next, defendants argue that it is unclear from the record how the defendants and the Court were misinformed that Mr. Nonnenmacher's mother had passed - - "whether this information came from Mr. Leventhal or if it was conveyed to him by a third party . . ." *Id.*

As the defendants' have not clearly specified Mr. Leventhal's conduct or omission for which sanctions are being considered, Mr. Leventhal will address defendants' motion for sanctions under 28 U.S.C. § 1927 (defendants purportedly argue that plaintiff's claims are entirely without color and in bad faith and were brought in bad faith from the outset) and under Rule 16(f) (defendants purportedly argue that Mr. Leventhal failed to obey a court order). [1]

A court may impose sanctions under 28 U.S.C. § 1927 "only 'when there is a finding of conduct constituting or akin to bad faith.'" *State Street Bank & Trust Co. v. Inversiones v. Errazuriz Limitada,* 374 F.3d 158,180 (2d Cir. 2004) (quoting *Sakon v. Andreo,* 119 F.3d 109, 114 (2d Cir. 1997). A court may also impose sanctions pursuant to its inherent power and authority, however, such sanctions "are warranted only upon 'a particularized showing of bad faith,' which requires 'both clear evidence that the challenged actions are entirely without color and are taken for reasons of harassment or delay or for other improper purposes and a high degree of specificity in the factual findings of the [district court[ ]." *Charles v. City of New York,* 2015 WL 756886 (S.D.N.Y.), *3 (quoting *United States v. Int'l Bhd. Of Teamsters,* 948 F.2d 1338, 1345 (2d Cir. 1991). Since the record contains no evidence that attorney Jason Leventhal acted in bad faith at any time throughout the prosecution of plaintiff's claims, defendants' motion for sanctions as to Mr. Leventhal should be denied.

---

[1] Defendants also purportedly seek relief pursuant to Rule 11(c)(3) and 54(d)(2). Mr. Leventhal has not addressed plaintiff's motion under these rules as Rule 11(c)(3) provides that "the court may order an attorney . . . to show cause why conduct specifically described in the order has not violated Rule 11(b)," and Rule 54(d)(2) is a procedural rule applicable to motions for attorney's fees.

Plaintiff's claims are colorable and meritorious.

With regard to plaintiff's claims, plaintiff Martin alleged that on June 20, 2010, New York Police Department ("NYPD") officers approached Martin and falsely claimed that there was an open warrant for his arrest. Thereafter, the officers grabbed Martin's arm and struck him with a baton on his legs, knees, and elbow. In fear, and in an effort to avoid further injury, Martin fled. The officers pursued Martin in an NYPD vehicle. While fleeing, Martin jumped over a gate located in the driveway of a private home. At the moment Martin landed, the NYPD vehicle struck the gate and either the NYPD vehicle or the gate struck Martin's heel, causing a severe fracture to Martin's ankle that required surgery. The officers again struck Martin after he fractured his ankle and thereafter dragged Martin to a police vehicle. (*See,* Second Amended Complaint, ¶¶ 12-33, ECF Doc. 45; Letter dated July 12, 2013, pp. 1-2, ECF Doc. 32; Order dated September 11, 2013, pp. 1-3, ECF. Doc. 34).

Martin's claims were at all times colorable, meritorious, and are supported by the following evidence:

- On March 21, 2010, approximately 24 hours after the incident occurred, Anissa Asanovska stated during her recorded interview with New York Police Department Internal Affairs Bureau ("NYPD IAB") officers that a police vehicle struck Martin after he jumped over a fence at 109 Campbell Avenue, Staten Island, New York. Notably, when Ms. Asanovska gave the foregoing statement, Martin was still in the hospital and in police custody. Leventhal Decl. Ex. A (Asanovska IAB audio recording);

- On March 22, 2010, at approximately 10:30 a.m., Martin stated to NYPD IAB officers that he was struck by a police vehicle after jumping over a fence at 109

Campbell Avenue, Staten Island, New York, and was thereafter beat by officers and dragged to a police vehicle. Martin was still in the hospital and in police custody when he was interviewed by NYPD IAB. Thus, Martin could not have known what Ms. Asanovska had stated during her earlier interview with NYPD IAB. Leventhal Decl. Ex. B (Martin IAB audio recording);

- Martin suffered serious injuries on the date of the incident consistent with being struck by an automobile. Leventhal Decl. Ex. C (Martin's March 21, 2010 operative report);

- Photographs of Martin's arm taken shortly after the incident reveal severe abrasions that are consistent with being dragged on pavement. Leventhal Dec. Ex. D (photograph of Martin's arm);

- Defendant Daniel Keating testified during his deposition that the vehicle being operated by defendant Michael Alfieri did indeed strike the fence at 109 Campbell Avenue, Staten Island, New York, during their pursuit of Martin. Leventhal Decl. Ex. E (Keating EBT transcript); and

- Laurine Melville, the homeowner of 109 Campbell Avenue, Staten Island, New York, has stated that she saw Martin jump over her driveway gate and that after Martin jumped over the gate and landed on the other side, he did not appear to be injured. Ms. Melville has also stated that while Martin was in the same location where he landed after jumping her gate, she saw the police car crash into the gate, damaging the gate and causing it to open. Ms. Melville does not know Martin and thus has no bias in favor of Martin. Leventhal Decl. Ex. F (Declaration of Laurine Melville).

5

<u>Plaintiff's voluntary withdrawal of his claims does not implicate the merit of his claims.</u>

On the afternoon of Friday, March 25, 2016, while preparing for the commencement of trial on Monday, March 28, 2016, Mr. Leventhal discovered information that warranted the filing of a stipulation of voluntary dismissal. The reasons for filing the stipulation are subject to the attorney-client privilege. As such, and after consulting with Martin and obtaining Martin's authority, Mr. Leventhal voluntarily withdrew Martin's claim. Importantly, the information that Mr. Leventhal discovered did not implicate the facts that formed the basis of Martin's claim.

<u>Attorney Jason Leventhal did not improperly delay prosecution of plaintiff's claim.</u>

In early February, 2016, an attorney and friend of Mr. Leventhal's for more than twenty years referred John Nonnenmacher, Esq. to Mr. Leventhal as potential trial counsel. Mr. Leventhal's friend had worked with Mr. Nonnenmacher for approximately six years. Mr. Leventhal confirmed that Mr. Nonnenmacher had successfully prosecuted a large number of civil cases including civil claims under 42 U.S.C. § 1983. Thereafter, Mr. Leventhal met with Mr. Nonnenmacher and discussed his experience, his view of plaintiff's claims, and his availability to represent plaintiff as lead trial counsel. Mr. Leventhal explained to Mr. Nonnenmacher that trial was scheduled to commence on March 14, 2016 and that pre-trial submissions pursuant to Judge Ross's individual rules and practices were due on February 22, 2016. Mr. Nonnenmacher stated that he was available to represent plaintiff as lead trial counsel, to conduct all pre-trial proceedings, and to prepare and file all pre-trial submissions. Mr. Nonnenmacher further explained that he would conduct all trial and pre-trial proceedings on his own. Leventhal Decl. ¶ 10.

After pre-trial submission deadlines were not met by Mr. Nonnenmacher and the trial date was pushed back to March 21, 2016, Mr. Leventhal actively attempted to assist Mr. Nonnenmacher with trial preparations as best he could with the portions of the file he had retained, notwithstanding that Mr. Nonnenmacher did not request any assistance from Mr. Leventhal. Mr. Leventhal assisted Mr. Nonnenmacher with, among other things, telephone conferences with the Court; preparing plaintiff's portion of the joint pre-trial order; preparing plaintiff's *in limine* motions; preparing responses to defendants' *in limine* motions; preparing plaintiff's motion for reconsideration; preparing plaintiff's objections to defendants' request to charge; preparing plaintiff's proposed *voir dire*, jury instructions and verdict sheet; preparing plaintiff's exhibit binders, and attending the pre-trial conference. Leventhal Decl. ¶ 13.

After assisting Mr. Nonnenmacher with trial preparations on March 18th and 19th, Mr. Leventhal was still under the reasonable belief that Mr. Nonnenmacher was prepared to conduct the trial on March 21, 2016. Indeed, Mr. Leventhal and Mr. Nonnenmacher both met with trial witnesses on Saturday, March 19, 2016, on Staten Island. Leventhal Decl. ¶ 14-17.

At approximately 5:45 a.m., on March 21, 2016, Mr. Nonnenmacher telephoned Mr. Leventhal and informed him that he could not begin the trial that day because his mother had passed away during the night on Staten Island. Mr. Leventhal agreed to appear in court that morning to inform the Court of the passing of Mr. Nonnenmacher's mother and to request an adjournment. Mr. Leventhal emailed defense counsel at 5:57 a.m. and informed them that Mr. Nonnenmacher's mother had died and that Mr. Leventhal was going to request an adjournment. Leventhal Decl. ¶ 18.

Later that morning, Mr. Leventhal appeared before Judge Ross and explained what had been conveyed to him by Mr. Nonnenmacher. Judge Ross adjourned the trial one week to March

7

28, 2016. On Tuesday, March 22, 2016, Mr. Leventhal made several attempts to contact Mr. Nonnenmacher regarding his mother's funeral arrangements via telephone and text messages. Mr. Nonnenmacher did not respond to these messages. Leventhal Decl. ¶ 19-20.

During the morning of Wednesday, March 23, 2016, Mr. Leventhal made additional attempts to contact Mr. Nonnenmacher regarding his mother's funeral arrangements via telephone and text messages. Mr. Nonnenmacher did not respond to any of Leventhal's messages. Leventhal Decl. ¶ 21.

In the late morning of March 23, 2016, Mr. Leventhal spoke with a receptionist at Mr. Nonnenmacher's law firm and was informed that Mr. Nonnenmacher had been in the office on March 22, 2016. After learning that Mr. Nonnenmacher had been in his office and had failed to respond to numerous messages, Mr. Leventhal became concerned. In the early afternoon of Wednesday, March 23, 2016, Mr. Leventhal contacted a private investigator and inquired if he could ascertain whether or not Mr. Nonnenmacher's mother was alive. Later that afternoon, the private investigator informed Mr. Leventhal that he had received information indicating that Mr. Nonnenmacher's mother was alive. Mr. Leventhal again attempted to contact Mr. Nonnenmacher via telephone and text messages, indicating that he had received information that Mr. Nonnenmacher's mother was alive. Shortly thereafter, Mr. Nonnenmacher's wife confirmed that Mr. Nonnenmacher's mother was alive. Mr. Leventhal immediately informed defense counsel and the Court of the circumstances and requested a hearing to disqualify Mr. Nonnenmacher as counsel for plaintiff based on his misconduct. The Court scheduled the aforementioned hearing for March 24, 2016. Leventhal Decl. ¶ 22.

At the March 24, 2016 hearing, Mr. Leventhal explained the circumstances regarding Mr. Nonnenmacher's mother to the Court, and requested a short continuance of the trial date as Mr.

Leventhal had been immersed with the circumstances surrounding his investigation of Mr. Nonnenmacher's representations, and had not begun preparing as lead counsel for trial. Judge Ross informed Mr. Leventhal that plaintiff's claim would proceed to trial on March 28, 2016. Leventhal Decl. ¶ 23.

Thereafter, Mr. Leventhal began to prepare as plaintiff's lead trial counsel. On Friday, March 25, 2016, Mr. Leventhal met with plaintiff in his office to prepare for trial. At that time, Mr. Leventhal discovered new information that warranted filing a stipulation of voluntary dismissal. The reasons for filing the stipulation are subject to the attorney-client privilege. As such, and after consulting with Mr. Martin and obtaining Mr. Martin's authority, Mr. Leventhal voluntarily withdrew Mr. Martin's claim on March 26, 2016. Leventhal Decl. ¶ 24. Importantly, the information that Mr. Leventhal discovered did not implicate the facts that formed the basis of Mr. Martin's claims and, as discussed *supra,* plaintiff's claims were at all times colorable and meritorious.

Based on the foregoing, Mr. Leventhal did not at any time act in bad faith in the prosecution of plaintiff Martin's claim, nor did Mr. Leventhal improperly delay the prosecution of this matter. Indeed, after Mr. Leventhal became concerned with Mr. Nonnenmacher's representation, he actively stepped in and assisted Mr. Nonnenmacher; when Mr. Leventhal became suspicious concerning the purported death of Mr. Nonnenmacher's mother, he took immediate, affirmative steps to uncover the truth; and once the truth was learned, Mr. Leventhal immediately informed defense counsel and the Court. Further, while preparing for trial, Mr. Leventhal discovered information that warranted the filing of a voluntary withdrawal of plaintiff's claims and promptly obtained plaintiff's authority to file a voluntary withdrawal.

As Mr. Leventhal did not act in bad faith and did not improperly delay the prosecution of plaintiff's claims, and since plaintiff Martin's claims are and were at all times colorable and meritorious, defendants' motion for sanctions against attorney Jason Leventhal should be denied. In the alternative, should the Court require additional evidence, it is respectfully requested that the evidentiary hearing tentatively scheduled for April 18, 2016 at 10:00 a.m. be affirmatively scheduled for that date and time.

Dated: April 12, 2016
       Brooklyn, New York

                                      LEVENTHAL LAW GROUP, P.C.
                                      45 Main Street, Suite 230
                                      Brooklyn, New York 11201
                                      (718) 556-9600

                              By:    s/
                                        JASON LEVENTHAL (JL1067)


cc:      All counsel of record (via ECF)