UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ISA MARTIN,

                Plaintiff,

   -*against*-

ANTONIA GIORDANO,

                Defendant.

**DECLARATION OF John Joseph Nonnenmacher**

Civil Action No: 11CV4507(ARR)

**John Joseph Nonnenmacher,** hereby declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am the former trial counsel for the Plaintiff in this matter and respectfully submit this Declaration in Opposition to that portion of the April 5, 2016 Motion which seeks sanctions against me personally.

2. I, myself, am a former Assistant Corporation Counsel having worked in the Tort Division of that Office for the City of New York in our about the years 1988 to 1991. While with the City of New York, I tried cases to verdict and was extremely successful. I later became associated with a personal injury firm known as Bader and Yakaitis. I have been before various courts thousands of times in the past almost 30 years and have never been accused of misleading a Judge. I remained at this firm for almost the entirety of my legal career, eventually becoming a name partner of the firm. Several months ago my tenure at this law firm ended.

3. In February of 2016, I agreed to act as trial counsel to Jason Leventhal attorney of record for the Plaintiff, Isa Martin. I did not know anything about this case or Isa Martin before February of 2016.

4. In the early morning hours of March 21, 2016, I was informed that my mother's condition had worsened and death was imminent. I was in bad shape, but that is an understatement. We are an extremely close family, we all grew up in Brooklyn, with my four sisters and one brother. This was devastating to the entire family.

5. I knew that I was supposed to appear in court on the instant matter that same day. At around 5:00 a.m., I called Jason Leventhal and informed him during a hysterical conversation, that my mom was about to die and I had to get to the hospital.

6. Mr. Leventhal's apparent understanding that my mom was already dead would have been clarified had I not become so severely ill.

7. In addition to the obvious trauma of this situation, I was suffering from extreme anxiety, emotional distress, and severe medical problems that I intend to document in exhibits at the upcoming evidentiary hearing. My failure to keep up with emails or ECF since March 21, is not something that is characteristic of my professional career.

8. My condition deteriorated rapidly. An ambulance was called. As I explained during my April 18 in-court appearance and April 19 submissions, I was admitted to Morristown Medical Center on March 23, 2016 on an emergency basis where I remained for approximately one week. Thereafter, I was transferred to several other facilities for care, finally being released on April 16, 2016.

9. The City argues that Plaintiff's request for an extension of time would ripen into bad faith and warrant sanctions should the court conclude that I had misrepresented my mother's condition during my conversation with Mr. Leventhal on March 21. Citing authority supporting a sanction of between $500 and $9,000 for cases involving an attorney's

multiple misrepresentations to courts, the City seeks $5,000 in sanctions for this purported misrepresentation.

10. I respectfully submit that I did not misrepresent my mother's condition during my conversation with Mr. Leventhal on March 21 and ask that the portion of the City's Motion seeking sanctions against me personally be denied.

WHEREFORE, I respectfully ask that portion of the April 5, 2016 Motion for Sanctions against me personally be denied.

Dated: April 20, 2016

John J. Nonnenmacher