UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X
ISA MARTIN,                                                            :
                                                                       :
                   Plaintiff,      :       11-CV-4507 (ARR)
                                                                       :
    -against-                                                         :       NOT FOR PRINT OR
                                                                       :       ELECTRONIC
ANTONIA GIORDANO, Individually; PHILIP                                 :       PUBLICATION
VACCARINO, Individually; DANIEL KEATING,                               :
Individually; MICHAEL ALFIERI, Individually; BRUCE                     :       OPINION & ORDER
CEPARANO, Individually; and CITY OF NEW YORK;                          :
                                                                       :
                  Defendants.     :
---------------------------------------------------------------------- X

ROSS, United States District Judge:

      Pending before this court is a motion for sanctions brought by defendants against plaintiff, Isa Martin, and his attorneys Jason Leventhal, Esq. and John Nonnenmacher, Esq. See Mot. for Sanctions, Dkt. #119. This order concerns a dispute between the parties regarding a claim of attorney-client privilege with respect to certain information relevant to resolution of the pending motion.

      In their motion, defendants seek sanctions against plaintiff and his attorney Mr. Leventhal in part on the basis of the stipulation of voluntary dismissal filed by Mr. Leventhal two days before trial was ultimately scheduled to commence. Id. at 12-17. According to defendants, the circumstances surrounding this eleventh-hour dismissal warrant sanctions or, at a minimum, an evidentiary hearing into the reason(s) that motivated the dismissal. Id. Specifically, defendants contend that the circumstances support an inference that plaintiff's lawsuit was meritless, thereby warranting sanctions under, inter alia, 28 U.S.C. § 1927.

      In their oppositions to the motion, plaintiff and Mr. Leventhal both argue that the

1

reason(s) that motivated the dismissal are protected by attorney-client privilege. However, their oppositions provide little in the way of factual contentions or legal arguments that would enable this court to determine the propriety of this invocation of attorney-client privilege.

Accordingly, the court held a telephonic status conference on April 14, 2016, regarding the attorney-client privilege issues raised in the motion and oppositions. In a subsequent docket entry summarizing that telephonic status conference, this court wrote that

> it seems to the court that defendants are entitled to an evidentiary hearing to explore, inter alia, the reason(s) why plaintiff filed a voluntary dismissal of his suit on the eve of trial. Mr. Leventhal claims that the dismissal resulted from newly discovered information, and he stated during the telephonic status conference that the sole source of that newly discovered information was his client, thereby implicating attorney-client privilege. Mr. Pittell, who represents plaintiff with respect to the sanctions motion against him, agrees that the reason(s) why plaintiff filed a voluntary dismissal are protected by attorney-client privilege. Accordingly, this court orders the parties to submit supplemental briefing regarding whether attorney-client privilege protects the newly discovered information from disclosure and whether any exception or waiver is applicable under these circumstances. This court also encourages the parties to consider avenues for resolving this question, such as consenting to an ex parte proceeding before a magistrate judge who the parties agree can issue a final determination - not reviewable by this court - as to the claim of attorney-client privilege.

See Scheduling Order dated Apr. 14, 2016.

The court has received and reviewed supplemental briefing from defendants, plaintiff, and Mr. Leventhal regarding the claim of attorney-client privilege. In their submissions, plaintiff and Mr. Leventhal continue to claim that the reason(s) that motivated the dismissal are protected by attorney-client privilege. Plaintiff – the client and holder of the privilege – states that verbal communications between him and his counsel, "which predicated the filing of the Dismissal Notice, were unequivocally, privileged attorney client communications." Pl.'s Suppl. Mem. in Further Opp'n to Defs.' Mot. for Attorney's Fees, Dkt. #141, at 2. Plaintiff provides no additional details in his supplemental memorandum, nor has he submitted a sworn affidavit

2

stating facts supporting his claim of privilege.

Defendants are correct in stating that the party invoking attorney-client privilege "bears the burden of supporting that privilege with sufficient information to indicate its applicability." See Mot. for Sanctions, Dkt. #119, at 2 (quoting United States v. Levin, No. 15-CR-101, 2015 WL 5838579, at *3 (S.D.N.Y. Oct. 5, 2015)). Once the party invoking privilege meets that burden, the party seeking to vitiate the privilege must show that one of a limited set of exceptions or waivers applies.

The majority of the supplemental briefing submitted by the parties addresses those exceptions and waivers. In doing so, the parties have put the cart before the horse. Plaintiff has offered nothing more than ipse dixit in support of his argument that attorney-client privilege protects the evidence defendants seek to explore through an evidentiary hearing. He has fallen short of meeting his burden of supporting that privilege with sufficient information to indicate its applicability. Accordingly, the question of which, if any, exceptions or waivers vitiate the privilege is premature.

Each of the supplemental briefs signals a willingness to permit ex parte disclosure to the court of the communications at issue for in camera inspection. This court finds that such inspection is necessary to adjudicate plaintiff's claim of attorney-client privilege. One option this court considered, as indicated in the docket entry quoted above, was in camera inspection of the relevant information and materials by a magistrate judge of this court. However, upon reflection, this court sees – and the parties have offered – no reason why the claim of attorney-client privilege ought to be adjudicated by a different judicial officer. None of the parties will be disadvantaged by this court's adjudication of the claim of privilege. Indeed, a court is routinely called upon to adjudicate claims of privilege in a lawsuit where the same court will adjudicate

the merits of the claims in that lawsuit. In camera inspection by this court is entirely proper. Once the court has received and inspected the necessary information, enumerated below, the court will make a determination regarding plaintiff's claim that attorney-client privilege protects the evidence defendants seek to explore, as well as defendants' claim that certain exceptions or waivers vitiate the privilege here.

Accordingly, this court hereby directs plaintiff to submit a sworn affidavit to the court ex parte for in camera inspection. Plaintiff must submit this affidavit no later than noon on Friday, April 22, 2016. The affidavit must fully and completely address each of the following topics:

1. When the meeting or meetings were held that gave rise to the decision to file the voluntary dismissal, including date, time, and duration;

2. Where the meeting or meetings were held;

3. Who was present at the meeting or meetings;

4. All circumstances leading up to the decision to file the voluntary dismissal, including the following:

    a. With respect to any communication[1] of facts by plaintiff to his counsel[2]:

        i. The substance of such communication of facts;

        ii. Whether such facts were revealed by plaintiff to his counsel on any prior occasion(s);

        iii. Whether such facts were requested from plaintiff by his counsel on any prior occasion(s); and

---

[1] This term is defined consistent with Rule 26.3(c)(1) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

[2] This term is defined to include any attorney who has represented plaintiff at any point in connection with his claims in the underlying suit. In his affidavit, plaintiff must identify the specific counsel to which he refers.

iv. To the extent such facts were discussed between plaintiff and his counsel on any prior occasion(s), the following information:

1. When and where each such discussion took place;

2. Who was present for each discussion; and

3. What specifically was discussed;

b. With respect to any documents[3] viewed, considered, or discussed by plaintiff and/or his counsel;

i. The substance of any such documents;

ii. Whether such documents were revealed by plaintiff to his counsel on any prior occasion(s);

iii. Whether such documents were requested from plaintiff by his counsel on any prior occasion(s); and

iv. To the extent such documents were viewed, considered, or discussed by plaintiff and his counsel on any prior occasion(s), the following information:

1. When and where such documents were viewed, considered, or discussed;

2. Who was present when such documents were viewed, considered, or discussed; and

3. What specifically was discussed in reference to such documents;

c. Any communication of advice to plaintiff by his counsel.

---

[3] This term is defined consistent with Rule 26.3(c)(2) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Any relevant documents should be described in the affidavit as well as appended thereto.

Based upon this information, as well as the arguments advanced in the supplemental briefing, the court will determine whether attorney-client privilege protects the evidence defendants seek to explore at a hearing regarding the reason(s) that motivated the dismissal. The court will issue a decision regarding the existence and scope of any attorney-client privilege, which will assist the court and the parties in setting parameters for the evidentiary hearing that defendants have requested in conjunction with their sanctions motion.

None of the parties have disputed the authority of this court to proceed in the manner outlined above. Further, to the extent that plaintiff seeks to challenge this court's ultimate determination regarding his claim of attorney-client privilege, he has multiple avenues for relief. See Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 110 (2009).

For the foregoing reasons, plaintiff is hereby ordered to submit the above-described affidavit to the court ex parte for in camera inspection no later than noon on Friday, April 22, 2016.

SO ORDERED.

s/
Allyne R. Ross
United States District Judge

Dated: April 20, 2016
Brooklyn, New York