UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------  X
                                                                      :
ISA MARTIN,                                                           :
                                                                      :          11-CV-4507 (ARR) (JO)
                                        Plaintiff,                    :
                                                                      :          <u>OPINION & ORDER</u>
                      -against-                                       :
                                                                      :
ANTONIA GIORDANO, Individually; PHILIP                               :
VACCARINO, Individually; DANIEL KEATING,                             :
Individually; MICHAEL ALFIERI, Individually; BRUCE                  :
CEPARANO, Individually; and CITY OF NEW YORK;                        :
                                                                      :
                      Defendants.                                    :
                                                                      :
--------------------------------------------------------------------  X

ROSS, United States District Judge:

      Attorney Jason Leventhal asks this court to reconsider its opinion and order granting in

part a motion for sanctions against him and issuing a public reprimand for his conduct in the

above-captioned litigation. For the reasons that follow, this court denies Mr. Leventhal's motion

for reconsideration.

## BACKGROUND

      The sanctions this court imposed on Mr. Leventhal arose from his conduct as plaintiff's

counsel in a civil rights lawsuit before this court. That lawsuit, captioned above, commenced in

2011 and concluded by stipulation of voluntary dismissal earlier this year. The plaintiff in that

lawsuit was Isa Martin, and the defendants were the City of New York and five members of the

New York City Police Department. Plaintiff was represented at various points by attorneys Brett

Klein, Jason Leventhal, and John Nonnenmacher. Defendants were represented by Corporation

Counsel of the City of New York.

1

The particulars of that lawsuit, as well as Mr. Leventhal's conduct therein, are reviewed at length in this court's 49-page opinion and order of May 9, 2016. <u>See</u> Op. & Order, Dkt. #157 ("Op."). That opinion addressed a motion for sanctions and attorney's fees brought by defendants following dismissal of the underlying lawsuit. <u>See</u> Defs.' Mot. for Sanctions, Dkt. #119. It sought sanctions and attorney's fees against plaintiff as well as Mr. Leventhal and Mr. Nonnenmacher on five independent grounds: Rules 11(c) and 16(f) of the Federal Rules of Civil Procedure; 28 U.S.C. § 1927; 42 U.S.C. § 1988; and this court's inherent authority.[1] <u>Id.</u>; <u>see also</u> Defs.' Mem. in Supp. of Mot. for Sanctions, Dkt. #120.

This court awarded sanctions and reasonable expenses, including attorney's fees, under Rule 16(f) but declined to grant relief on the other grounds. <u>See</u> Op. at 23-48. This court also referred certain concerns it raised regarding the conduct of Mr. Leventhal and Mr. Nonnenmacher to this district's Committee on Grievances for it to consider the imposition of discipline. <u>Id.</u> at 46-48.

The matter of calculating reasonable expenses owed to defendants as a result of the Rule 16(f) violations this court found was referred to the Honorable Magistrate Judge James Orenstein. <u>Id.</u> at 40. Under his supervision, Mr. Leventhal and Mr. Nonnenmacher subsequently reached a settlement agreement with defendants regarding payment of expenses, including attorney's fees. <u>See</u> Stipulation and Order of Resolution of Attorney's Fees, Dkt. #175.

Mr. Leventhal does not challenge that settlement, or the award of reasonable expenses, in his motion for reconsideration.[2] <u>See</u> Mot. Pursuant to Fed. R. Civ. P. 60(b)(6), Dkt. #173-1

---

[1] Defendants also sought sanctions under Rule 54(d)(2) of the Federal Rules of Civil Procedure. That rule "establishes a procedure for presenting claims for attorneys' fees." Fed. R. Civ. P. 54(d)(2) advisory committee's note to 1993 amendment. It does not provide an independent basis for sanctions or attorney's fees.

[2] Accordingly, defendants have filed no opposition to this motion for reconsideration.

("Br."), at 4 n.2. The relief he seeks is narrow. He asks this court to vacate those portions of its opinion imposing a public reprimand against him and referring his conduct to the Committee on Grievances. Id. at 4-5. Mr. Leventhal contends that this court should grant reconsideration and vacate those portions of its opinion because he lacked notice that the court might impose sanctions for the pretrial conduct this court found to violate Rule 16(f). Id. at 39-47. According to Mr. Leventhal, because he lacked notice, he was unable to meaningfully defend himself against sanctions under that rule. Id. Mr. Leventhal further argues that the public reprimand was inappropriate because any violations of Rule 16(f) resulted from his good faith reliance on co-counsel, rather than his intentional misconduct. Id. at 47-55.

## JURISDICTION

Mr. Leventhal filed his notice of appeal to the Second Circuit before he filed the instant motion for reconsideration. See Notice of Appeal, Dkt. #170. Accordingly, this court must determine its jurisdiction over his motion.

"[T]he docketing of an appeal ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule." Ryan v. U.S. Lines Co., 303 F.2d 430, 434 (2d Cir. 1962). The effectiveness of a notice of appeal is governed by Rule 4(a)(4) of the Federal Rules of Appellate Procedure. Pursuant to that rule, "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of [specified post-judgment motions]—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i). The specified post-judgment motions include motions "for relief under Rule 60," but only if such motions are "filed no later than 28 days after the judgment is entered." Id. 4(a)(4)(A)(vi).

Mr. Leventhal's motion for reconsideration was filed on July 8, 2016, <u>see</u> Notice of Mot., Dkt. #173, more than 28 days after the judgment was entered on June 3, 2016, <u>see</u> Clerk's Judgment, Dkt. #167. Accordingly, Mr. Leventhal's motion does not suspend the effectiveness of his notice of appeal. <u>See</u> <u>Kelsey v. City of N.Y.</u>, No. 03-CV-5978, 2007 WL 1352550, at *3-4 (E.D.N.Y. May 7, 2007); <u>Collazo v. Sikorsky Aircraft Corp.</u>, No. 3:03-CV-1620, 2005 WL 856839, at *2-3 (D. Conn. Apr. 13, 2005).

"[B]ecause the instant motion does not affect the validity of the appeal previously filed by [Mr. Leventhal], the appeal has ousted this [c]ourt of its jurisdiction over the case, 'except insofar as it is reserved to it explicitly by statute or rule.'" <u>Kelsey</u>, 2007 WL 1352550, at *3 (E.D.N.Y. May 7, 2007) (quoting <u>Toliver v. Cty. of Sullivan</u>, 957 F.2d 47, 49 (2d Cir. 1992)). In such circumstances, the well-established rule in this circuit is that the district court retains jurisdiction for purposes of entertaining and <u>denying</u> a Rule 60(b) motion but not for <u>granting</u> one. <u>Toliver</u>, 957 F.2d at 49 ("[B]efore the district court may grant a rule 60(b) motion, this court must first give its consent so it can remand the case, thereby returning jurisdiction over the case to the district court."). Accordingly, the district court "must first determine whether or not it will grant the motion, and then, if it finds that it would, require the moving party to obtain the necessary remand from the Court of Appeals." <u>Garcia v. Myears</u>, No. 13-CV-0965, 2015 WL 1015425, at *2 (W.D.N.Y. Mar. 9, 2015).

Because this court determines that it will not grant the motion for reconsideration, it has jurisdiction to resolve the motion without resort to permission from the Second Circuit.

## STANDARD OF REVIEW

Motions for reconsideration are held to strict standards. "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and

conservation of scarce judicial resources." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quoting Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc., 169 F.R.D. 680, 685 (M.D. Fla. 1996)).

Rule 60(b) of the Federal Rules of Civil Procedure permits the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons specified in that rule. Fed. R. Civ. P. 60(b). Motions pursuant to Rule 60(b) are disfavored. See United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). They are "properly granted only upon a showing of exceptional circumstances." Id. The decision to grant or deny a motion for reconsideration falls within the discretion of the district court. First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc., No. 10-CV-696, 2012 WL 6617361, at *3 (E.D.N.Y. Dec. 19, 2012) (citing Velez v. Vassallo, 203 F. Supp. 2d 312, 333 (S.D.N.Y. 2002)).

The subsection of Rule 60(b) cited by Mr. Leventhal is a catch-all provision permitting relief from a final judgment for "any other reason that justifies [it]." Fed. R. Civ. P. 60(b)(6). In order to obtain relief under that subsection, the movant must demonstrate that the other subsections of the rule do not apply but that "extraordinary circumstances" or "extreme and undue hardship" nonetheless justify such relief. See Pichardo v. Ashcroft, 374 F.3d 46, 56 (2d Cir. 2004); First Keystone Consultants, Inc., 2012 WL 6617361, at *3 (citations omitted).

## DISCUSSION

Mr. Leventhal advances two separate arguments in support of his motion for reconsideration. The first concerns due process and the second concerns Mr. Leventhal's culpability. The court addresses these argument in turn.

## A.    Mr. Leventhal's Due Process Arguments

This court squarely addressed Mr. Leventhal's due process rights in its opinion. As this

court explained,

> "[d]ue process requires that courts provide notice and opportunity to be heard before imposing <u>any</u> kind of sanctions." <u>Ted Lapidus, S.A. v. Vann</u>, 112 F.3d 91, 96 (2d Cir. 1997) (quoting <u>In re Ames Dept. Stores, Inc.</u>, 76 F.3d 66, 70 (2d Cir. 1996)) (emphasis in original). An attorney facing sanctions "must receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter." <u>Id.</u> at 97. In addition, that attorney "must be forewarned of the authority under which sanctions are being considered, and given a chance to defend himself against specific charges." <u>Id.</u>

Op. at 43.

With respect to notice, this court held that Mr. Leventhal "received thorough notice of the

legal and factual bases of the sanctions sought against [him]" in light of "numerous pages [in the

sanctions motion] detailing the conduct alleged to be sanctionable, including not only the alleged

misrepresentation with respect to Mr. Nonnenmacher's mother but also the violations of Rule 16

that undergird this court's imposition of sanctions." <u>Id.</u> at 44. With respect to opportunity to be

heard, this court found that Mr. Leventhal received "ample opportunity to defend [himself]

against sanctions." <u>Id.</u> This court noted precedent in this circuit that "the opportunity to be heard

does not necessarily entitle the subject of a motion for sanctions to an evidentiary hearing" and

that "the opportunity to submit written briefs may be sufficient to provide an opportunity to be

heard." <u>Id.</u> at 45 (quoting <u>Schlaifer Nance & Co. v. Estate of Warhol</u>, 194 F.3d 323, 335 (2d Cir.

1999)). This court nonetheless followed the favored approach in this circuit of permitting oral

argument, and this court expressly warned the parties in advance of such oral argument that it

would not necessarily hold an evidentiary hearing in addition. <u>Id.</u> at 45-46 (citing Scheduling

Order dated Apr. 29, 2016).

Mr. Leventhal now argues that he "did not receive notice of the allegations that he would be sanctioned for having supposedly violated six (6) of this Court's Orders prior to this Court's imposition of sanctions." Br. at 39. Mr. Leventhal contends that he therefore lacked an opportunity to present evidence regarding those violations that would have shown "that he had acted in good faith and diligently at all times." Id. Mr. Leventhal does not seem to argue that this court overlooked applicable standards regarding due process rights of attorneys against whom sanctions are sought. Instead, he seems to disagree with this court regarding its application of those standards.

The law cited in Mr. Leventhal's motion for reconsideration is the same law this court relied upon in adjudicating the original motion for sanctions. That law recognizes that attorneys facing the imposition of sanctions must be afforded due process. Ted Lapidus, S.A., 112 F.3d at 96 (citing In re Ames Dep't Stores, Inc., 76 F.3d at 70). The due process afforded in such circumstances entails notice and opportunity to be heard. Id. at 97. The former "mandates that the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense." Schlaifer Nance & Co., 194 F.3d at 334 (citing Sakon v. Andreo, 119 F.3d 109, 114 (2d Cir. 1997); Ted Lapidus, S.A., 112 F.3d at 96). The latter is context-specific and does not necessarily require either an evidentiary hearing or oral argument. Schlaifer Nance & Co., 194 F.3d at 335 ("We have acknowledged that the opportunity to submit written briefs may be sufficient to provide an opportunity to be heard.") (citing Int'l Ore & Fertilizer Corp. v. SGS Control Servs., Inc., 38 F.3d 1279, 1286 (2d Cir. 1994), cert. denied, 515 U.S. 1122 (1995)). The court considers below the sufficiency of both components of due process as they apply to Mr. Leventhal.

7

1.     Notice

Because this court imposed sanctions upon motion by defendants, and not <u>sua</u> <u>sponte</u>, the

question is whether the motion for sanctions supplied adequate notice of the sanctions this court

later imposed when deciding it.[3] <u>See, e.g.</u>, <u>Schlaifer Nance & Co.</u>, 194 F.3d at 334 (describing

the motion for sanctions as "the instrument providing notice"). Notice has two fundamental

dimensions. One concerns the specific authority under which sanctions are sought and the other

concerns the specific conduct upon which sanctions are sought. <u>Ted Lapidus, S.A.</u>, 112 F.3d at

97 ("a sanctioned attorney must receive specific notice of the conduct alleged to be sanctionable

and the standard by which that conduct will be assessed").

There can be no question that Mr. Leventhal had adequate notice of possible sanctions

under Rule 16(f) of the Federal Rules of Civil Procedure. The motion filed by defendants,

including the notice and supporting memorandum, references sanctions on that basis no fewer

than seven times. <u>See</u> Defs.' Mot. for Sanctions, Dkt. #119, at 1 (twice); Mem. in Supp. of Mot.

for Sanctions, Dkt. #120, at 1 (twice), 7, 8 n.1, 12. Mr. Leventhal cannot seriously dispute that he

had notice of possible sanctions under Rule 16(f) because he explicitly referenced that basis for

sanctions in his opposition to sanctions, <u>see</u> Leventhal's Mem. in Opp'n to Mot. for Sanctions,

Dkt. #127, at 3 ("Mr. Leventhal will address defendants' motion for sanctions . . . under Rule

16(f)"), and in his oral argument on sanctions, <u>see</u> Tr. of May 5, 2016 Oral Arg., Dkt. #155, at 7.

Although Mr. Leventhal acknowledged in his opposition that defendants sought sanctions against

him on that basis, and stated his intention to address the same, he failed to do so. The entirety of

his opposition is devoted to defending against sanctions under 28 U.S.C. § 1927. <u>See</u> Leventhal's

---

[3] Where the court, rather than the adversary, proposes sanctions, Mr. Leventhal is quite right that the court is
responsible for providing adequate notice. <u>See</u> Br. at 40-41 (citing <u>Wilson v. Citigroup, N.A.</u>, 702 F.3d 720, 725 (2d
Cir. 2012)).

Mem. in Opp'n to Mot. for Sanctions, Dkt. #127, at 3-10. Mr. Leventhal's opposition omits any discussion of the standard for sanctions under Rule 16(f) or the reason his conduct was not sanctionable under that rule. Id. That was his omission rather than an omission by defendants.

Courts have found insufficient notice of possible sanctions under a particular authority only where the instrument providing notice neglects mention of that authority entirely. For example, in Ted Lapidus, S.A., the Second Circuit vacated an award of sanctions under 28 U.S.C. § 1927 because the motion for sanctions and related hearing discussed sanctions only under Rule 11 and because significant differences exist between the standards for sanctions under those authorities. 112 F.3d at 97. Likewise, in Mantell v. Chassman, the Second Circuit vacated an award of sanctions under 28 U.S.C. § 1927 because the motion sought sanctions only under Rule 37 and because "the district court did not warn [the attorney] that it was considering imposing § 1927 sanctions prior to imposing sanctions." 512 F. App'x 21, 24-25 (2d Cir. 2013). These cases are easily distinguishable because the motion for sanctions in this case specifically and repeatedly referenced sanctions under Rule 16(f). Since this aspect of the notice requirement "is fulfilled by the identification of the relevant Federal Rule of Civil Procedure or statute that warrants imposition of a sanction," Truong v. Hung Thi Nguyen, 503 F. App'x 34, 35 (2d Cir. 2012), the motion for sanctions clears the hurdle, and reconsideration on this basis is denied.

This court also denies reconsideration with respect to the adequacy of notice regarding the conduct alleged to be sanctionable. According to Mr. Leventhal, he "lacked notice that he would be sanctioned for conduct which was not specifically identified as sanctionable in the Motion for Sanctions." Br. at 41. He argues that, because defendants focused principally on conduct for which this court declined to impose sanctions against Mr. Leventhal, their motion did not supply adequate notice that sanctions were possible for Mr. Leventhal's failure to obey

pretrial orders and failure to be substantially prepared to participate in the pretrial conference. Id. at 42-44.

This court cannot agree with "Mr. Leventhal's reading of the Motion [that it] did <u>not</u> put him on notice." Br. at 44 (emphasis in original). His reading strikes this court as unreasonable. This court found that Mr. Leventhal received notice of the specific conduct at issue, for which this court later sanctioned him, at pages 4-11 of the memorandum supporting the motion for sanctions. Describing those pages, this court wrote the following:

> Defendants cite, for example, that "plaintiff repeatedly failed to timely submit his proposed trial exhibits to the Court" and that he "acknowledged that he had not adequately prepared as previously directed by the Court." Id. at 10. Defendants also describe the numerous extensions sought by plaintiff's counsel and the excuses they made in doing so. Id. at 4-6, 9-10.

Op. at 44 (citations to Defs.' Mem. in Supp. of Mot. for Sanctions, Dkt. #120). Yet, according to Mr. Leventhal, discussion of conduct that appears in the "Procedural History" section of a memorandum, and does not reappear in the argument section, cannot form the basis of notice within this context.

Mr. Leventhal identifies no authority supporting the distinction he draws, nor can this court locate any. Much of the authority he cites concerns the adequacy of notice of the specific authority under which sanctions are sought, rather than the adequacy of notice of the specific conduct upon which sanctions are sought. <u>See</u> <u>Mantell</u>, 512 F. App'x at 24-25; <u>Truong</u>, 503 F. App'x at 35. Additional case law cited by Mr. Leventhal is inapposite because the court in those cases issued sanctions <u>sua</u> <u>sponte</u> without any regard to the due process requirements. <u>See</u> <u>Wilson</u>, 702 F.3d at 725 ("There is no dispute that, prior to imposing sanctions, the district court afforded [sanctioned counsel] none of these due process protections."); <u>Sakon</u>, 119 F.3d at 114 (holding that the district court violated the due process rights of the sanctioned attorney where no

motion pending before the court requested sanctions and the court did not alert the parties that it was considering them <u>sua</u> <u>sponte</u>).

Mr. Leventhal relies heavily upon <u>In re Peters</u>, 642 F.3d 381 (2d Cir. 2011), which is distinguishable from this case in several respects. That case was an appeal from an order of the Committee on Grievances for the Southern District of New York suspending an attorney from practice before that court for seven years. <u>Id.</u> at 383. The Second Circuit sustained the appeal, vacating the order and remanding for further proceedings after finding that the attorney lacked adequate notice of a charge considered by the Committee. <u>Id.</u> at 385. The circuit found notice with respect to that charge deficient for several reasons: the charge was not included in the sanctions motion; the conduct giving rise to the charge occurred two days <u>after</u> the sanctions motion was signed and served; nothing outside of the sanctions motion provided notice that the conduct giving rise to the charge would be considered; and the court stated at the beginning of an evidentiary hearing that it would only consider the issues raised in that motion. <u>Id.</u> at 386-87. None of those circumstances are present here. The sanctions motion filed by defendants did cite the conduct this court found sanctionable, all of which predated filing of the motion, and this court in no way limited the scope of the sanctions proceedings so as to deprive Mr. Leventhal of adequate notice.

Mr. Leventhal also cites <u>Schlaifer Nance & Co.</u>, which undermines rather than supports his position. The appellants in <u>Schlaifer Nance & Co.</u> argued that notice was insufficient because, although the motion for sanctions cited two grounds for imposing sanctions, it focused primarily on one ground whereas the court imposed sanctions based on the other. 194 F.3d at 334 ("They take particular issue with the fact that the Estate's motion was almost entirely devoted to arguing for sanctions under Rule 11, when the ultimate bases for the sanctions were the District

Court's inherent power and 28 U.S.C. § 1927."). The Second Circuit rejected that challenge, concluding that "the notice given, in its totality, was sufficient" because both grounds were referenced in the sanctions motion along with "the conduct alleged to have been sanctionable." Id. Schlaifer Nance & Co. stands for the proposition that the grounds and the conduct supporting sanctions need only appear in the sanctions motion—and need not have any particular placement or prominence therein—to afford adequate notice. Accordingly, Mr. Leventhal's arguments that the sanctions motion placed greater emphasis on conduct for which this court declined to impose sanctions, and thereby failed to provide adequate notice of the legal and factual basis for sanctions, is unavailing.[4]

Mr. Leventhal also misses the import of Salahuddin v. Harris, 782 F.2d 1127 (2d Cir. 1986). There the Second Circuit rejected implicit orders as a basis for sanctions under the Federal Rules of Civil Procedure. Id. at 1131-33. That court held that "a court order [must] be in effect before sanctions are imposed" in order to provide the basis for sanctions under Rules 16 or 37. Id. at 1131. It declined to "imply such an order from a conjunctive reading of the district court's orders." Id. at 1132. Salahuddin does not apply to this case because each order cited by this court as a basis for Rule 16(f) sanctions was explicit and unambiguous. Defendants did not ask this court to imply orders, nor did this court do so. It found violations of explicit orders, all of which defendants cited in their sanctions motion.

Finally, Mr. Leventhal argues that his "conduct in response to the Motion for Sanctions further reflects his lack of notice." Br. at 43. According to Mr. Leventhal, his failure to respond

---

[4] This court notes that Mr. Leventhal does not appear to argue that the orders this court found him to have violated were absent from the sanctions motion. Nor could he reasonably do so. Each order providing a basis for sanctions imposed by this court was referenced therein. Instead, Mr. Leventhal's argument concerns the placement and prominence of those issues relative to others within the motion.

to portions of the sanctions motion detailing his violations of court orders *ipso* *facto* means he lacked adequate notice. This court rejects Mr. Leventhal's argument out of hand. The proper measure of notice for purposes of due process is the contents of the instrument providing notice, rather than the contents of any opposition thereto. Furthermore, as discussed above, there is no question that Mr. Leventhal understood his compliance with pretrial orders and appearance at the pretrial conference were at issue since he indicated his plan to address sanctions under Rule 16(f) in his opposition, <u>see</u> Leventhal's Mem. in Opp'n to Mot. for Sanctions, Dkt. #127, at 3; discussed those matters in his accompany declaration, Decl. of Jason Leventhal, Dkt. #128, ¶ 13; and referenced Rule 16(f) sanctions in his oral argument, Tr. of May 5, 2016 Oral Arg., Dkt. #155, at 7. Accordingly, even if this court were to consider Mr. Leventhal's conduct to assess the adequacy of the notice he received, his conduct indicates that such notice was sufficient.

      2.    <u>Opportunity to be heard</u>

Mr. Leventhal further argues that this court did not afford him an opportunity to be heard. Br. at 44-47. As discussed above, the contours of this due process right depend on context. Whereas written briefs are sufficient in certain cases, oral argument or evidentiary hearings are necessary in others. <u>See</u> <u>Schlaifer Nance & Co.</u>, 194 F.3d at 335-36. When the basis for sanctions is "well-known facts contained in the existing record," the court may forego an evidentiary hearing but should grant a hearing for oral argument. <u>Id.</u>

That is precisely the approach this court took. It held oral argument, but not an evidentiary hearing, because the basis for Rule 16(f) sanctions was apparent on the face of the record, and because no additional facts were necessary for this court's adjudication of Rule 16(f) sanctions. This court did acknowledge in its order that fact-finding was a prerequisite to imposing sanctions under other authorities cited in the sanctions motion. Op. at 42-43. The court

therefore declined to impose sanctions under those authorities, instead referring certain fact-intensive issues to the Committee on Grievances adjudication. Id.

Mr. Leventhal acknowledges that an evidentiary hearing is only necessary where the court must resolve factual disputes or credibility issues in order to adjudicate a sanctions motion. Br. at 44-45. However, Mr. Leventhal argues that the sanctions sought in this case necessarily raised factual disputes and credibility issues requiring this court to hold an evidentiary hearing. Id. at 45.

This court has several responses to Mr. Leventhal's argument. First, Mr. Leventhal never sought an evidentiary hearing during the sanctions proceedings before this court. His opposition to the motion suggested that an evidentiary hearing was unnecessary and that the court should only hold one if it determined that it required additional evidence. See Leventhal's Mem. in Opp'n to Mot. for Sanctions, Dkt. #127, at 10. Furthermore, when this court scheduled oral argument, it specifically stated, "The court will not hold an evidentiary hearing in advance of oral argument and may or may not schedule one thereafter." See Scheduling Order dated Apr. 29, 2016. Mr. Leventhal did not argue at that point, or in his unrestricted oral argument, that an evidentiary hearing would be necessary to adjudicate the Rule 16(f) sanctions of which he plainly had notice and to which he explicitly referred in his oral argument.

Second, this court did provide Mr. Leventhal—consistent with case law he cites in his motion for reconsideration—with "the opportunity to speak to the very court that is about to pronounce judgment." Br. at 45 (citing Schlaifer Nance & Co., 194 F.3d at 335). This court held oral argument at which Mr. Leventhal spoke on his own behalf.

Third, this court's resolution of the portion of the motion seeking sanctions under Rule 16(f) did not involve factual disputes or credibility issues. Mr. Leventhal cites language from this

court's opinion noting that Mr. Leventhal "consistently pointed the finger at Mr. Nonnenmacher," and argues that this phrase somehow implicates factual disputes or credibility issues that required an evidentiary hearing. Br. at 45. This court's statement was a reference to the fact that Mr. Leventhal has claimed from the beginning of Mr. Nonnenmacher's involvement that Mr. Nonnenmacher was responsible for any violations of court orders. Op. at 36. ("Mr. Leventhal has consistently pointed the finger at Mr. Nonnenmacher, arguing that Mr. Nonnenmacher's retention as lead trial counsel in the final month of this five-year litigation makes him responsible for any violations of court orders that postdate his retention."). After noting that Mr. Leventhal sought to avoid responsibility for such violations by fingering Mr. Nonnenmacher, this court explained why it rejected that argument:

> . . . Mr. Leventhal's frustrations do not excuse his conduct. Mr. Leventhal has exhibited a remarkably cavalier attitude toward his obligations as counsel of record in this matter. He has both implicitly and explicitly argued that the retention of Mr. Nonnenmacher absolved him of any responsibility for the many issues that followed—an argument this court rejected out of hand. <u>See, e.g.</u>, Tr. of Mar. 4, 2016 Status Conference at 2-8 (instructing Mr. Leventhal no fewer than five times, "you are responsible" or "you are still responsible" or "it is your responsibility," in response to his litany of excuses for failure by plaintiff's counsel to comply with court orders). Mr. Leventhal never sought to withdraw as plaintiff's attorney or to otherwise limit his appearance in this case. <u>See</u> Civil Rule 1.4 of the Local Rules . . . of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rule __") ("An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order."); <u>see also</u> Rule 1.2(c) of the Rules of Professional Conduct of the New York State Unified Court System ("A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances, the client gives informed consent and where necessary notice is provided to the tribunal and/or opposing counsel.").

> In light of that fact, Mr. Leventhal should have recognized and remedied the manifest and manifold consequences of his decision to involve an attorney who was plainly unprepared to meet this court's deadlines and obey its orders. It strikes the court that the significant time and resources Mr. Leventhal invested in pointing fingers at the trial counsel he selected would have been better spent advocating for his client, especially given that he was the attorney best positioned to do so. <u>See</u> Tr. of Mar. 24, 2016 Hr'g at 4-7 (describing Mr. Leventhal's history of active

involvement in prosecuting plaintiff's claims). Mr. Leventhal participated in every status and pretrial conference before this court, served as this court's only point of contact for the frequent periods when Mr. Nonnenmacher could not be reached, and was expressly warned that he remained responsible for ensuring plaintiff's compliance with court orders. There is no question that Mr. Leventhal bears responsibility for the violations this court has found.

Op. at 36-37 (footnote omitted).

This court at no time passed judgment on the credibility of Mr. Leventhal. Nor did this court rely upon facts beyond written and oral statements by Mr. Leventhal and this court on the face of the record. This court did not disbelieve Mr. Leventhal's assertion that Mr. Nonnenmacher contributed substantially to the violations of court orders. Indeed, the opinion expresses sympathy toward the position in which Mr. Leventhal found himself. <u>Id.</u> at 36. However, this court also found that Mr. Leventhal put himself in that position by retaining Mr. Nonnenmacher as he acknowledged he did, and that it had expressly warned him that he could not evade responsibility simply by blaming the trial counsel he had belatedly retained. <u>Id.</u> at 36-37. This court did not need to resolve disputed facts or credibility issues to hold that an attorney who retained trial counsel in the final pretrial phase, but who did not withdraw or limit his appearance in any way, and who instead continued to file pretrial materials and appear on behalf of plaintiff before this court, shared responsibility for violations of pretrial orders that ensued. This court could not then, and cannot now, envision what information at an evidentiary hearing could alter this conclusion.

     3.    <u>Harmless error</u>

To that end, this court notes that any defect in the notice Mr. Leventhal received, or the opportunity to be heard this court afforded, was ultimately harmless. In support of his motion for reconsideration, Mr. Leventhal has submitted a lengthy affidavit, accompanied by 62 exhibits. <u>See</u> Decl. of Jason Leventhal in Supp. of Mot., Dkt. #173-2; Exs. 1-62 to Decl. of Jason

Leventhal in Supp. of Mot., Dkts. #173-3-173-64.[5] He contends that "had this Court been aware of these facts, it would not have sanctioned Mr. Leventhal nor made a referral to this Court's Grievance Committee." Br. at 2. According to Mr. Leventhal, his affidavit and the accompanying exhibits demonstrate "that he had acted competently and diligently in this case, and that he was reasonably justified in his failure to meet certain deadlines based upon his good faith reliance on his co-counsel, Mr. Nonnenmacher." Id. at 4.

This court has carefully reviewed the information which, according to Mr. Leventhal, would have averted the reprimand and referral if only he had understood the need to produce it. Nothing Mr. Leventhal has provided this court in connection with his motion for reconsideration requires alteration of this court's outcome.

The majority of the information Mr. Leventhal has supplied portrays or describes communications to which this court was not privy when adjudicating sanctions. They include communications between Mr. Leventhal and Mr. Nonnenmacher, Exs. 1-11, 13-32, 34, 37-40, 44-45, 49-56, 58, 60; communications between Mr. Leventhal and Mr. Nonnenmacher's wife, Ex. 61; and communications among counsel, Exs. 12, 33, 35-36, 41-43, 46-48. Also included is a transcript of the March 9, 2016 pretrial conference, Ex. 57; a transcript of the April 7, 2016 telephonic conference, Ex. 62; and a receipt of proposed voir dire filed via ECF by Mr. Leventhal, Ex. 59. Mr. Leventhal has also submitted a declaration sworn under penalty of perjury, which provides his account of the events explored in this court's sanctions opinion. See Decl.

---

[5] Throughout this section, "Decl." refers to the declaration submitted by Mr. Leventhal in connection with his motion for reconsideration. Similarly, "Ex." refers to exhibits attached thereto. This court continues to cite to the rough versions of the transcripts on file with the court for purposes of consistency with its original opinion but notes that final versions with pagination that may vary slightly from the rough versions are available on the public docket.

This court reconsiders each of the violations for which it held Mr. Leventhal jointly responsible in light of this new information. This court assumes for purposes of its discussion that all the information Mr. Leventhal has provided would have been admissible at an evidentiary hearing, and accepts as credible all assertions he has made apart from his legal conclusions about the reasonableness or diligence of his actions.

### i. Violation of this court's scheduling order of February 19

This court found Mr. Leventhal and Mr. Nonnenmacher responsible for violating its scheduling order of February 19, which required submission of the joint pretrial order by February 23, because they did not exchange materials with defense counsel in time for either party to meet that deadline. Op. at 34. Specifically, this court found that Mr. Leventhal and Mr. Nonnenmacher "fail[ed] to furnish several components of the pretrial submissions, including witness and exhibit lists, prevent[ing] [defense counsel] from preparing the objections and responses required to prepare a joint pretrial order in advance of the February 23 deadline for all submissions." Id. at 5 (citing Letter from A. Shoffel dated Feb. 22, 2016, Dkt. #52, at 1).

Mr. Leventhal contends that he bears no responsibility for that violation because he reasonably believed that Mr. Nonnenmacher was taking appropriate steps toward timely completion of the joint pretrial order. Decl. ¶¶ 11-20; Exs. 10-16. Not so. Mr. Leventhal did not retain Mr. Nonnenmacher until mid-February, Decl. ¶¶ 5-6, and did not provide the complete case file to Mr. Nonnenmacher until February 19—just one business day before the complete submissions were originally due, Decl. ¶ 8; Exs. 6-8. Given this court's extensive requirements for pretrial submissions in civil cases, see Individual Practices and Rules of Judge Allyne R. Ross, Section IV, of which Mr. Leventhal acknowledged he was aware, see Decl. ¶ 5, compliance with this court's deadline was impossible. Mr. Nonnenmacher could not have

provided his affirmative portions of the joint pretrial order to defendants—including witness and exhibit lists and motions in limine—with sufficient time for defendants to respond to them before the deadline.

Accordingly, the information Mr. Leventhal has provided shows that he contributed substantially to this violation through his conduct. It is especially troubling to this court that Mr. Leventhal apparently had not commenced work on any portions of the pretrial submissions, even though Mr. Leventhal had been aware of the tight timeframe for completing them since February 4. See Minute Entry dated Feb. 4, 2016.

The record also undermines Mr. Leventhal's claim that he fully transferred the prosecution of plaintiff's case to Mr. Nonnenmacher and understood him to have accepted total responsibility for it. The communications between them indicate that Mr. Leventhal, for example, intended to review draft materials that Mr. Nonnenmacher prepared before they were filed with the court. Decl. ¶ 14; Ex. 11. When Mr. Nonnenmacher did not provide draft materials in a timeframe that would give Mr. Leventhal an opportunity to review them, or otherwise respond to his communications in any way, Mr. Leventhal claims to have assumed that Mr. Nonnenmacher was assiduously working toward deadlines. Decl. ¶ 14. He calls this assumption reasonable, id., but this court does not agree.

Mr. Nonnenmacher's lack of communication the day before the February 23 deadline should have raised concerns for Mr. Leventhal—concerns that would have proven well-founded when defense counsel informed the court that it had been unable to communicate with Mr. Nonnenmacher. Decl. ¶ 16; Letter from A. Shoffel dated Feb. 22, 2016, Dkt. #52, at 1. Mr. Leventhal seeks credit for forwarding the ECF notification of this letter, without commentary, to Mr. Nonnenmacher. That is the only action he took in response to viewing a communication

from defense counsel, addressed to the court, advising that defense counsel had been "unable to communicate substantively with recently appointed trial counsel for plaintiff" and that defense counsel had "not yet received plaintiff's portion – the party who is prosecuting this matter." Letter from A. Shoffel dated Feb. 22, 2016, Dkt. #52, at 1. This court does not characterize this response from Mr. Leventhal as reasonable or diligent. Further, this court does not agree that Mr. Leventhal was reasonable in assuming that Mr. Nonnenmacher had an acceptable explanation for failing entirely to communicate with his opposing counsel when the deadline for pretrial submissions was imminent. See Decl. ¶ 16.

When Mr. Leventhal forward the ECF notification, Mr. Nonnenmacher did not respond for over twelve hours. When Mr. Nonnenmacher did respond, he stated that he had "another letter going to the magistrate today" and indicated that he was still "in Rhode Island." Decl. ¶ 17; Ex. 14. Both assertions should have caused Mr. Leventhal concern. The first assertion indicated that Mr. Nonnenmacher fundamentally misunderstood the posture of the case, including the identity of the judge presiding over pretrial matters. The second assertion indicated that Mr. Nonnenmacher remained away from his office, attending to an alleged death in his family, the day that complete pretrial submissions were due. Mr. Nonnenmacher in no way acknowledged or explained his lack of communication with defense counsel. Mr. Leventhal states that, after reading Mr. Nonnenmacher's email, he understood "that Mr. Nonnenmacher was aware of the situation concerning the scheduling issues before the Court and that he was diligently communicating with the Court concerning those issues." Decl. ¶ 17. This court sees no reasonable basis for this understanding.

After receiving the letter from defense counsel regarding Mr. Nonnenmacher's lack of communication, this court entered an order adjourning the trial date to March 21 and setting a

deadline of February 26 at noon for all pretrial submissions. <u>See</u> Order dated Feb. 23, 2016, Dkt. #53, at 1-2. This court also expressed concerns regarding Mr. Nonnenmacher's conduct and threatened sanctions for the first time, expressly ordering that Mr. Nonnenmacher could not serve as trial counsel if he could not meet existing deadlines. <u>Id.</u> at 2. Mr. Nonnenmacher's response was to immediately file another request for extension. <u>See</u> Mot. for Extension of Time to File Pretrial Submission, Dkt. #54. In responding to his request, this court noted again that he had directed his request to the wrong judge and failed to file a notice of appearance. <u>See</u> Order dated Feb. 23, 2016. Once again, Mr. Leventhal's only response to information that Mr. Nonnenmacher was unable to meet court deadlines and noncompliant with court orders was to forward the ECF notification, without commentary, to Mr. Nonnenmacher. Decl. ¶¶ 22-23; Ex. 17. It appears that the two attorneys had no communication for the next two days and that Mr. Leventhal took no actions during that time to ensure plaintiff's pretrial submissions would be timely by the extended deadline. Decl. ¶ 23.

ii.     <u>Violation of this court's scheduling order of February 23</u>

The court found both attorneys responsible for violating its scheduling order of February 23 requiring submission of the joint pretrial order by February 29, because they again did not exchange materials with counsel for defendants that would enable either party to meet that deadline. Op. at 34.

The court received another letter from defense counsel in connection with that deadline, detailing their exchanges with Mr. Nonnenmacher and explaining how his belated transmission of several components of the pretrial submission deprived defendants of an opportunity to prepare their responses. <u>See</u> Mot. for Extension of Time to File Pretrial Submissions, Dkt. #55, at 2-3.

Mr. Leventhal argues that, because he began pitching in close to the February 29 deadline, he cannot be faulted for the fact that plaintiff's components of the joint pretrial order were belatedly provided to defendants or overlooked altogether. For example, he points out that he "spent 14.75 hours working on the pre-trial submissions" between February 28 and March 2. Decl. ¶ 25. It is unclear how such conduct could be construed as reasonable and diligent given that the joint submissions were due on February 29, requiring the completion and exchange of plaintiff's components several days before Mr. Leventhal logged those hours.

Mr. Leventhal also claims that he "reasonably believed that Mr. Nonnenmacher was also communicating with the Defendants' counsel concerning the various pretrial submissions." Id. ¶ 26. He cites a letter of February 22 "[c]onfirming that belief." Id. Quite to the contrary, however, the letter he cites indicates that defense counsel was "unable to communicate substantively with recently appointed trial counsel." Letter from A. Shoffel dated Feb. 22, 2016, Dkt. #52, at 1. His belief was not reasonable, and his actions in response to mounting evidence that Mr. Nonnenmacher was confused about his obligations and unprepared to meet deadlines even after granted extensions were not diligent. See, e.g., Ex. 25 at 1 (Mr. Nonnenmacher writing to Mr. Leventhal, "I'll take all the help that is offered."); Ex. 26 (Mr. Nonnenmacher indicating his confusion about whether to provide plaintiff's components of the pretrial order to defense counsel); Ex. 23 (correspondence suggesting that an individual named Jesse Young, and not Mr. Nonnenmacher, was preparing several components of the pretrial submissions).

            iii.    <u>Violation of numerous orders by failing to complete plaintiff's portions of the required joint pretrial submissions</u>

This court found both attorneys responsible for violating multiple orders, which incorporated this court's Individual Practices and Rules, regarding the deadline for pretrial

submissions because they did not complete several components of the joint pretrial submission for which plaintiff's counsel was responsible. Op. at 34. Specifically, once the court finally received pretrial submissions from plaintiff's counsel on March 2, it discovered that plaintiff's counsel failed to provide objections to exhibits listed by defendants and failed to provide courtesy copies of plaintiff's proposed exhibits to the court. See Order dated Mar. 3, 2016.

Mr. Leventhal acknowledges that, after receiving the second request for an extension of time by defendants, he "became very concerned" and "immediately made the decision to become more actively involved in the case, despite the fact that Mr. Nonnenmacher would be acting as trial counsel." Decl. ¶ 33. He details his active involvement in preparing the pretrial submissions over the next several days. Id. ¶¶ 33-36. Mr. Leventhal also provides communications from Mr. Nonnenmacher indicating that Mr. Nonnenmacher did not have an opportunity to prepare certain pretrial submissions because he "just got a trial that's 7 boxes." Id. ¶ 36; Ex. 39. Nonetheless, Mr. Leventhal states that he spoke with Mr. Nonnenmacher and "fully and reasonably believed at that point that Mr. Nonnenmacher would be able to competently handle trial preparation." Decl. ¶ 36. Notwithstanding that professed belief, Mr. Leventhal continued his active participation and oversight in preparation of the pretrial submissions, demanding to be copied on all communications among counsel and making revisions to the pretrial submissions. Id. ¶¶ 37-40; Exs. 40-47.

With respect to plaintiff's failure to provide objections to exhibits listed by defendants, Mr. Leventhal seems to suggest that the joint pretrial order was incomplete because defense counsel filed it prematurely. Id. ¶¶ 39-40. However, there is no indication that Mr. Leventhal or Mr. Nonnenmacher intended to add plaintiff's objections to the joint pretrial order. In fact, Mr. Leventhal's correspondence indicates that his only desired revision to the joint pretrial order was

to include "additional exhibits" offered by plaintiff. Ex. 48. Mr. Leventhal also seems to suggest that fault rests exclusively with Mr. Nonnenmacher because Mr. Leventhal "relied on" him to complete the pretrial submissions, but the record plainly contradicts the reliance he claims. <u>See, e.g.</u>, Ex. 48 (Mr. Leventhal stating to defense counsel, "I asked you to forward the JPTO to <u>me</u> before filing") (emphasis added).

With respect to plaintiff's failure to provide courtesy copies of its exhibits to the court, Mr. Leventhal blames Mr. Nonnenmacher. The record provided by Mr. Leventhal indicates that he contacted Mr. Nonnenmacher at 12:46 p.m. on the day the exhibits were due to be hand-delivered to the court, stating, "We need the binder with the exhibits – you got that going?" Ex. 49. He took no further action, even when he failed to receive a response from Mr. Nonnenmacher by the close of that business day. Ex. 50. Given this timing, and given that Mr. Leventhal's communications suggested he had taken control the pretrial submissions, this court was fully justified in finding that he shared responsibility for this violation.

iv.    <u>Violation of this court's scheduling order of March 3</u>

This court found both attorneys responsible for violating this court's scheduling order of March 3, because they again did not submit plaintiff's exhibits as directed. Op. at 34. When this court did not receive plaintiff's exhibits on March 2, it entered an order requiring them to be hand-delivered to chambers by 2:00 p.m. on March 3. <u>See</u> Order dated Mar. 3, 2016.

This order came after Mr. Nonnenmacher had assured Mr. Leventhal that the exhibits were delivered to the court via messenger, Ex. 50, meaning that Mr. Nonnenmacher's assurance was false. This order also indicated that the court had made several attempts to reach Mr. Nonnenmacher but had been unable to do so. <u>See</u> Order dated Mar. 3, 2016. Mr. Leventhal forwarded the March 3 order to Mr. Nonnenmacher and sent two text messages about the

missing binders. Decl. ¶ 45; Ex. 51-52. Even though Mr. Nonnenmacher made no response to Mr. Leventhal before the 2:00 p.m. deadline, Mr. Leventhal took no steps toward preparing exhibit binders for the court. His inaction was neither reasonable nor diligent.

v.     <u>Violation of this court's scheduling order of March 4</u>

This court found both attorneys responsible for violating this court's scheduling order of March 4, because they yet again did not submit plaintiff's exhibits as directed. Op. at 34-35. The court received a letter on March 4 signed by Mr. Nonnenmacher and filed by Mr. Leventhal, explaining that Mr. Nonnenmacher "relied on someone who failed to prepare and deliver the exhibits to the Court." Mot. for Extension of Time to File Ex. Binders dated Mar. 4, 2016, Dkt. #66. He wrote, "After learning of this failure yesterday evening, I worked diligently to prepare a new set of exhibits which I have completed." <u>Id.</u> He explained that he had jury selection in another matter that morning but thereafter would work with Mr. Leventhal to have the exhibit binders delivered to the court. <u>Id.</u>

This court, after receiving that letter, held the telephonic status conference it had already scheduled regarding noncompliance with court orders by plaintiff's counsel. The court threatened sanctions against Mr. Leventhal and expressly warned Mr. Leventhal that it would assess sanctions on an hourly basis starting at 3:00 p.m. if it did not receive plaintiff's proposed exhibits by that time. Tr. of Mar. 4, 2014 Status Conference at 3. Plaintiff's proposed exhibits were ultimately delivered to the court later that day, after the court-ordered deadline of 3:00 p.m.

Mr. Leventhal explains that, after the telephonic status conference, he "arranged with Mr. Nonnenmacher collaboratively to meet at my office to finalize the exhibits" because he "believed that the primary work with respect to the exhibit binders was completed by Mr. Nonnenmacher." Decl. ¶ 50. He therefore took no action with respect to preparing the exhibit binders between

10:15 a.m. when this court directed their submission during the conference, and 3:00 p.m. when Mr. Leventhal says Mr. Nonnenmacher appeared at his office. Decl. ¶ 51. In other words, Mr. Leventhal allowed the deadline—imposed under threat of sanctions—to pass without taking any action other than emailing and texting an attorney he knew was actively engaged in jury selection before another court. Then, when Mr. Nonnenmacher arrived at his office, he "did not have the exhibit binders complete," requiring "several hours" of work to prepare them. Id.

It was, and remains, inconceivable to this court that Mr. Leventhal at no time took affirmative steps to comply with the court-ordered deadline. If Mr. Leventhal believed Mr. Nonnenmacher's claim that the new set of exhibits was completed as of the morning of March 4, it seems logical that Mr. Leventhal would have arranged to have them delivered while Mr. Nonnenmacher was in court. He instead claims that he arranged "collaboratively to meet at my office to finalize the exhibits"—yet it is unclear why they needed to be finalized if Mr. Leventhal truly believed Mr. Nonnenmacher's claim that they were completed. It is also unclear how Mr. Leventhal could have entirely misunderstood the stage of completion of the binders after speaking with Mr. Nonnenmacher about them and scheduling their meeting. Once again, this court cannot find that he acted reasonably and diligently, and instead finds that the record supports this court's conclusion that Mr. Leventhal contributed to this violation.

vi.    Lack of preparation for the pretrial conference on March 9

This court found that both attorneys appeared substantially unprepared to participate in the pretrial conference on March 9 because they did not bring any of plaintiff's exhibits or prepare objections to the court's proposed jury charge. Op. at 35.

In advance of that pretrial conference, this court circulated a proposed jury charge and advised the parties that it would discuss the draft with them at the pretrial conference. See Notice

dated Mar. 7, 2016, Dkt. #74. This court also advised the parties that it planned to rule, at least preliminarily, on the admissibility of all proposed exhibits at the pretrial conference. <u>See</u> Order dated Mar. 3, 2016. Despite these instructions, neither Mr. Leventhal nor Mr. Nonnenmacher prepared responses to the court's proposed jury charge or brought their proposed exhibits to the conference. <u>See</u> Tr. of Mar. 9, 2016 Pretrial Conference at 63, 71-72, 92.

Nothing in the record provided by Mr. Leventhal explains or excuses these failures, which made him substantially unprepared to participate in two critical components of the conference. The record shows that Mr. Leventhal was actively involved in the ultimate preparation of the proposed exhibits and the proposed jury charge. <u>See, e.g.</u>, Ex. 27 (Mr. Leventhal stating, "I'm going to keep working on . . . the request to charge until we file"); Ex. 28 (Mr. Leventhal providing the final version of the request to charge for submission to the court); Decl. ¶ 51 ("It took me several hours working with Mr. Nonnenmacher to prepare the exhibit binders for submission to this Court."). Yet he did not bring those materials with him to the pretrial conference, nor was he prepared to discuss them there. The fact that he participated in the discussion at other points does not excuse his lack of preparation for the two issues this court explicitly advised the parties it intended to discuss with them at the conference.

Based on the foregoing discussion, this court sees no reason to disturb its prior findings with respect to Mr. Leventhal's role in the six violations of court orders for which it sanctioned him. Mr. Leventhal has provided all of the testimonial and documentary evidence he claims he would have introduced at an evidentiary hearing, had this court held one, and none if it exculpates him from the conduct for which this court sanctioned him. Accordingly, any defect in his notice and opportunity to be heard was harmless. <u>See generally</u> <u>RDLG, LLC v. Leonard</u>, No. 15-1153, 2016 WL 2957318, at *6 (4th Cir. May 23, 2016) ("Where a sanctioned party 'has not

made any showing of any possible prejudice [,] . . . failure to afford . . . notice and hearing before imposition of the sanction [i]s harmless error.'") (quoting <u>Ford v. Alfaro</u>, 785 F.2d 835, 839-40 (9th Cir. 1986)).

**B.     Mr. Leventhal's Mental State and Culpability Arguments**

Mr. Leventhal's second argument in his motion for reconsideration concerns his culpability. He argues that his conduct was not sanctionable because the violations were not willful but instead resulted from Mr. Leventhal's good faith reliance on Mr. Nonnenmacher. Br. at 47-55. Arguing that this court was required to apply a four-factor test in deciding whether to impose sanctions, Mr. Leventhal asserts that all of the factors weigh against the imposition of sanctions here. <u>Id.</u> at 47-52. He further argues that "a review of other cases in which District Courts in this Circuit have imposed sanctions pursuant to [Rule 16(f)] demonstrates that Mr. Leventhal's conduct does not rise to the level of conduct which warrants a public reprimand." <u>Id.</u> at 52. Finally, Mr. Leventhal cites a pattern of misconduct by Mr. Nonnenmacher to bolster his claim that he was misled. <u>Id.</u> at 55-57. This court addresses each of these arguments.

First, Mr. Leventhal assertion that an attorney's violation must be accompanied by a culpable state of mind to be sanctionable is incorrect. Br. at 47 (citing <u>In re Peters</u>, 642 F.3d at 394). In making that assertion, Mr. Leventhal relies upon language from the Second Circuit's review of an attorney discipline proceeding before the Southern District of New York's Grievance Committee that resulted in a seven-year suspension from practicing in that court. At issue in that case was whether the attorney violated New York Disciplinary Rules, <u>In re Peters</u>, 642 F.3d at 384, not whether the attorney violated court orders in a manner warranting sanctions under Rule 16(f) of the Federal Rules of Civil Procedure. The court derived the culpable state of mind requirement it referenced in the language quoted by Mr. Leventhal from other attorney

disciplinary proceedings in state court and from the American Bar Association's Standards for Imposing Lawyer Sanctions (1986, am. 1992). <u>Id.</u> at 394-95. Those standards by their own terms apply to attorney discipline and disability proceedings, not to motions for sanctions brought in the course of federal court litigation. ABA's Standards for Imposing Lawyer Sanctions (1986, am. 1992), at 1. Mr. Leventhal has not shown that they instruct, much less control, the analysis of sanctions under Rule 16(f).[6]

Furthermore, in case law squarely addressing sanctions under that authority, courts have rejected the requirement of a culpable state of mind. For example, in <u>Mahoney v. Yamaha Motor Corporation U.S.A.</u>, a case cited by Mr. Leventhal in his motion, the court held that "[i]n deciding whether a sanction is merited, the court need not find that a party acted in bad faith. The fact that a pretrial order was violated is sufficient to allow some sanction." 290 F.R.D. 363, 366 (E.D.N.Y. 2013) (quoting 6A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1531 (3d ed. 1998)). Where a pretrial order was violated, the rule authorizes "the court [to] issue any just orders" and requires payment of "reasonable expenses" by the party or its attorney "[i]nstead of or in addition to any other sanction." Fed. R. Civ. P. 16(f)(1)-(2). Mr. Leventhal has pointed to nothing in the text of the rule supporting the requirement he claims this rule imposes that the attorney act with a culpable state of mind.

---

[6] Even if this court found such standards applicable here, they would support this court's result. They define a reprimand as "a form of public discipline which declares the conduct of the lawyer improper, but does not limit the lawyer's right to practice," <u>id.</u> ¶ 2.5, and counsel that a reprimand is appropriate where an attorney acts negligently, <u>see, e.g.</u>, <u>id.</u> ¶ 6.23 ("Reprimand is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding."); <u>see also</u> <u>In re DeMarco</u>, 733 F.3d 457, 476 (2d Cir. 2013) ("Under the ABA Standards the negligent failure to act with reasonable diligence causing injury or potential injury to the client warrants a public reprimand.") (citing ABA Standard § 4.43)).

Mr. Leventhal instead argues that binding precedent required this court to consider enumerated factors in deciding whether to impose sanctions, one of which is "the willfulness of the non-compliant party or the reason for noncompliance." Br. at 47 (citing Grenion v. Farmers Ins. Exch., No. 12-CV-3219, 2014 WL 1284635, at *7 (E.D.N.Y. Mar. 14, 2014)). Because Mr. Leventhal misconstrues and misapplies this case law, close examination is warranted.

Mr. Leventhal draws these enumerated factors from Grenion. In that case, the court sanctioned defendants under Rule 16(f) after finding that they "did not act in good faith in connection with the court-mandated settlement conference." Grenion, 2014 WL 1284635, at *7. However, good faith was relevant only because the court was adjudicating an application under Rule 16(f)(1)(B). That subsection permits sanctions where a party or its attorney "does not participate in good faith" at a pretrial conference. Fed. R. Civ. P. 16(f)(1)(B). A good faith analysis is therefore built into that basis for sanctions. Notably, that is the only subsection of Rule 16(f) that requires a good faith analysis. Sanctioning a party or its lawyer for "fail[ing] to obey a schedule or other pretrial order" or for being "substantially unprepared to participate" in a pretrial conference does not require that analysis. See Fed. R. Civ. P. 16(f)(1)(B)-(C).

In Grenion, the court taxed reasonable expenses under Rule 16(f)(2) and further considered the propriety of additional sanctions. Grenion, 2014 WL 1284635, at *7-10. With respect to the latter, it noted that "disciplinary sanctions pursuant to Rule 37 . . . are plainly analogous to Rule 16(f) sanctions." Id. at *8. Accordingly, the Grenion court imported certain factors that district courts consider in the Rule 37 context to its analysis of sanctions under Rule 16(f). Id. at *8-10. Those factors included "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences

of noncompliance." Id. at *8 (quoting S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010)).

As noted by both the Grenion court and the precedent on which it relied, "these factors are not exclusive, and they need not each be resolved against the party against whom sanctions are imposed in order to be within the district court's discretion." Id. at *8 (quoting Ceglia v. Zuckerberg, No. 10-CV-00569, 2012 WL 95362, at *8 (W.D.N.Y. Jan. 10, 2012)). That is so because Rule 16(f) permits the district court wide discretion as the text of that rule requires only that sanctions be "just." S. New England Tel. Co., 624 F.3d at 144 (interpreting "just" in the context of Rule 37). Although the factors cited by Mr. Leventhal are therefore neither mandatory nor exclusive, and although this court did not explicitly analyze them in its opinion, this court finds that their application here supports its issuance of a public reprimand.

With respect to the first factor, Mr. Leventhal fixates on the "willfulness" language, arguing that this court did not and cannot find his violations to be willful. Br. at 47-51. Yet "willfulness" is only part of that factor, which also addresses "the reason for noncompliance." This court identified that reason as Mr. Leventhal's "remarkably cavalier attitude toward his obligations as counsel of record in this matter." Op. at 36. In other words, this court found that his conduct surpassed ordinary negligence, particularly in light of this court's numerous admonitions that Mr. Leventhal remained responsible for plaintiff's full compliance with court orders. Id. The court finds that such circumstances, even if they do not demonstrate willfulness on Mr. Leventhal's part, are ones that warrant sanctions. As the Second Circuit has explained, in discussing sanctions under Rule 37,

> [c]onsiderations of fair play may dictate that courts eschew the harshest sanctions provided by Rule 37 where failure to comply is due to a mere oversight of counsel amounting to no more than simple negligence. But where gross professional

negligence has been found that is, where counsel clearly should have understood his duty to the court the full range of sanctions may be marshalled.

Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir. 1979) (internal citations omitted).

The second factor, regarding the efficacy of lesser sanctions, is not well-suited to this case. Courts generally consider this factor in the context of deciding whether misconduct warrants imposing the harsh sanctions of preclusion or dismissal. See, e.g., Ocello v. White Marine, Inc., 347 F. App'x 639, 641 (2d Cir. 2009) (summary order). Such sanctions were not available to this court because plaintiff voluntarily dismissed the action before the sanctions motion reached this court. Further, this court found that lesser sanctions would not achieve its goals of specific and general deterrence given the "frequency and persistence" of the violations it found. Op. at 41.

Mr. Leventhal argues that the third factor, the duration of the period of noncompliance, militates against the sanction this court imposed. Br. at 51. Mr. Leventhal claims that the duration of that period was brief compared to his established record of appropriate conduct on the case prior to Mr. Nonnenmacher's involvement. Id. at 51-52. This court does not disagree with Mr. Leventhal that, in absolute terms, the duration of the period of noncompliance was "relatively short." Id. at 52. But in the context of final preparations for trial, such a rigid application of this factor deprives it of meaning. The court understands this factor as seeking to distinguish brief lapses from persistent and disruptive violations. Whereas violations of court orders early in the pretrial phase may cause minimal disruption, particularly if discrete, ongoing violations immediately prior to the commencement of trial can massively inconvenience the adversary and the court. Furthermore, these were not violations that took the adversary or the court weeks or months to identify and address. They were the subject of immediate written and

verbal orders demanding correction, yet they continued unabated. In such circumstances, their duration was troubling.

Finally, it is undisputed that Mr. Leventhal had been warned of the consequences of noncompliance. Mr. Leventhal acknowledges that he was so warned, but points out that certain warnings came after the sanctionable conduct took place. That is true. But other warnings predated much of the sanctionable conduct. See Order dated Feb. 23, 2016, Dkt. #53, at 1-2; Tr. of Feb. 29, 2016 Status Conference at 9; Tr. of Mar. 4, 2014 Status Conference at 2-3. These warnings amply informed Mr. Leventhal of the consequences of his conduct.

Next, Mr. Leventhal argues that a public reprimand for the conduct he exhibited in this case is disproportionate compared to discipline imposed in other cases where the conduct "was significantly more egregious." Br. at 52. He provides two points of reference. The first is Pichardo v. C.R. Bard, Inc., No. 09-CV-7653, 2015 U.S. Dist. LEXIS 10722 (S.D.N.Y. Jan. 26, 2015), and the second is Mahoney. Id. at 52-53. Mr. Leventhal has provided no support for his implicit argument that the severity of sanctions must be consistent across judges, courts, and districts. Indeed, he acknowledges the broad discretion afforded to district judges in determining which sanctions serve the ends of justice. Id. at 52.

Even assuming that the comparative approach Mr. Leventhal proposes is appropriate, the cases he cites make poor comparators. There is no indication in the cases he cites that the violations there continued after the court explicitly threatened sanctions. Nor is there any indication that the violations resulted in inconvenience to the adversary and the court of the magnitude experienced in this litigation. This court explained the need to publicly reprimand Mr. Leventhal as follows:

In electing this sanction, this court regards the frequency and persistence of their violations as factors meriting public reprimand. These violations continued unabated even after the court explicitly threatened sanctions. In light of these circumstances, this court feels duty-bound to send a message that Mr. Leventhal and Mr. Nonnenmacher may not violate court orders with impunity and expect that clumsy post hoc rationalizations will excuse conduct that greatly prejudices their clients, their adversaries, and this court. The court sincerely hopes that the public reprimand it hereby issues will prompt Mr. Leventhal and Mr. Nonnenmacher to reflect on the harm they do to themselves, the legal profession, and the administration of justice when they engage in the conduct they have exhibited here.

Op. at 41.

The extraordinary harm inflicted by Mr. Leventhal's violations of court orders was well-documented by the court:

[T]he court has been unfairly inconvenienced by the conduct of plaintiff's counsel over the past several weeks. No doubt the city has been much more inconvenienced and prejudiced by their conduct. Plaintiff's counsel's conduct—which is well documented on the docket—has included blatant disregard and repeated violation of court-ordered deadlines. It has prompted this court on multiple occasions, and in both written and oral orders, to threaten sanctions against plaintiffs' counsel. The court has been forced, on account of plaintiff's conduct, to excuse jurors called for the original trial date, to call jurors for the rescheduled trial date, and to completely clear its calendar for three separate weeks based on the three times the trial date has now changed to accommodate plaintiff's counsel. Likewise, the schedules of defendants, their lawyers and their witnesses—including numerous medical professionals—have been disrupted by this conduct. This conduct is unfair to the court, unfair to the defendants, and unfair to the many [litigants] before this court who require scarce judicial resources that have been squandered by plaintiff's counsel's conduct.

Tr. of Mar. 24, 2015 Status Conference at 6-7. There is no evidence in the cases cited by Mr. Leventhal that the violations at issue caused disruption and waste to such a degree. Accordingly, the fact that those courts chose not to issue a public reprimand is unsurprising.

Finally, this court seriously questions the relevance of Mr. Nonnenmacher's subsequent disciplinary troubles. Mr. Leventhal does not explain how the fact that Mr. Nonnenmacher's deficient performance as counsel has recently come to the attention of multiple judges of this court means that Mr. Leventhal was misled in a manner that exculpates him entirely. Mr.

Leventhal cites Mr. Nonnenmacher's conduct in <u>Calletti v. Qianyu</u>, No. 14-CV-5358 (E.D.N.Y), and quotes extensively from a June 7, 2016 memorandum and order in that case publicly reprimanding Mr. Nonnenmacher. Br. at 55-56. However, as that memorandum and order notes, Mr. Nonnenmacher had been sanctioned in that matter for violating court orders <u>before</u> Mr. Leventhal retained him as trial counsel. <u>Calletti</u>, 2016 WL 3198249, at *1 (E.D.N.Y. June 7, 2016) ("The undersigned magistrate judge previously sanctioned Nonnenmacher twice in this matter for his persistent violation of court orders. <u>See</u> Minute Entry (Nov. 23, 2015) ("11/23/15 Minute Entry"), Electronic Case Filing ("ECF") Docket Entry ("DE") #16; Minute Entry (Jan. 28, 2016) ("1/28/16 Minute Entry"), DE #22."). Given these circumstances, the disciplinary troubles of Mr. Nonnenmacher cited in the motion for reconsideration hardly support a claim of good faith reliance—at best they are irrelevant and at worst they undermine Mr. Leventhal's claim that he acted reasonably in counting on Mr. Nonnenmacher.

## CONCLUSION

For the foregoing reasons, this court hereby denies Mr. Leventhal's motion for reconsideration.


SO ORDERED.

s/_____
Allyne R. Ross
United States District Judge

Dated:      August 18, 2016
              Brooklyn, New York